Judge Wood
stated the case, and delivered the opinion of the-court;
At the February term of the court of common pleas of Frank - *442 lin county, 1831, the grand jury returned an indictment against ■the plaintiff in error, containing six counts, founded on the several provisions of the act of January 4, 1814,- entitled “an act for •■the prevention of certain immoral practices.”
At the May term following, the defendant below was tried and ■convicted ; made his escape from custody, and the prosecution was -continued, as expressed in the record, “ said Young having escaped from the custody of the sheriff, the cause is continued for ' his execution and judgment.”
At the October term succeeding, the defendant below, by his ■counsel, filed a motion in arrest of judgment, and afterward, during the same term, the sheriff having brought in the body of the defendant below, the court proceeded to pronounce the sentence ■of the law, by imposing a fine, and directing the defendant below to find security for his good behavior, and without making any ■disposition of the motion in arrest.
The plaintiff in error seeks to reverse this judgment, and has resigned for error: 1. It does not appear that fifteen grand jurors, or any number, found or returned the bill. 2. By the record, it appears that the court continued the cause, to have Young executed. 3. That the trial was had, long before there was any court ■or bill found ; that is, the record of the trial is of the 1st of Oeto436] ber, and the bill was found in February, and *the court held in the preceding May. 4. That a motion in arrest of judgment was not disposed of by the court before sentence pronounced, etc.
We will consider each of these points, in its order. First, did fifteen grand jurors find the bill? The record states that at the February term, 1831, the “grand jury, impaneled and sworn in and for the body of the county aforesaid, presented the following bill of indictment against John Young.” Is not this allegation .sufficient to show the indictment was returned by fifteen grand jurors? This indictment was found by the grand jury impaneled under the act of January 9, 1823, entitled “an act relating to juries.” The first section of this act prescribes the number. It can consist of neither more nor less than fifteen. A greater or less number are no grand jury. The term “ grand jury” has therefore acquired a fixed, certain, legal meaning. It is fifteen such men as the law requires, impaneled and sworn as the law prescribes, to inquire in and for the body of the county, where they *443 are impaneled. It is admitted that the record must show that the whole fifteen presented the bill, or it is bad, for criminal proceedings are stricti juris. They must be certain to a certain intent in every particular, and there must be no intendment to the contrary; but when the record says, that the “grand jury” presented the bill, it is a legal grand jury, which consists of fifteen. There is, then, nothing erroneous in the record here.
Second point, that the court continued the cause to have Young executed 1 The record in relation to this point is, at best, a legal curiosity; but we think it can be sustained on satisfactory ground. After the verdict of the jury, the record states, that Young escaped from custody, and the cause is continued, for his ‘ execution and judgment!” No one would probably hesitate to pronounce the word “ execution” to be a clerical mistake — a lapsus pennce — ■ the substitution of one word, by inattention or carelessness, for another — execution, probably, for recaption. For misprision of clerks, in clerical omissions, errors, and mistakes, the record was always amendable at common law, and it was the rule that whenever a record could be amended at common law in a civil case, it was equally amendable in a criminal case. 1 Salk. 51; and so it is, says Holt, to this day. This error, therefore, if necessary to be amended, would be permitted at any stage of the proceedings, whether before or after judgment. A mistake of the clerk in entering judgment, *that the defendant recovered, instead of [437 the plaintiff, was amended on motion, and at common law. Croke James, 631; Hutton, 41. This misprision of the clerk may be disposed of, however, on other grounds. It was not necessary for the statement in the record, that the cause was continued for any specific purpose ; that it was continued is all that is necessary to be shown, and the law would infer the continuance for all legal purposes. On this hypothesis, the words for “Ms execution and judgment” may and should be rejected as surplusage. They have no business in the record, and without them the record is good.
The third point is, that the record shows the trial was had before there was any court, or bill found. Is it so? The record of the trial is of October; the bill was found in February proceeding, and the court held in the succeeding May. Counsel, we think, have mistaken the dates to which the record refers. The caption of the indictment is “pleas held,” etc., on October 1, 1831. This record of October term, 1831, states that the indictment was re *444 turned at the February term, 1831, several months before the trial. The record states the trial was had, and the verdict returned in May, 1831, continued, and judgment at the October term, and of which-term the record is properly made up. I have carefully inspected all the “ saids" and “ aforesaids” in the indictment, and they clearly refer to the proceedings in the manner and at the times I have-stated. This point is, therefore, disposed of without difficulty.
- The fourth assignment is, that a motion in arrest of judgment was on file, and not disposed of, when the sentence was pronounced. Is this an error of the common pleas, which requires us to reverse, this judgment? We think it is not necessarily so. If the court err, their errors must be such that an injury may result to the party who prosecutes his writ of error. If, therefore, the points made by the motion, in arrest, are not tenable, the defendant below sustained no prejudice to his-rights, because the court omitted to dispose of his motion in arrest. 5 Ohio, 171; 4 Ohio, 82, 388.
The counsel do not, we apprehend, rely seriously on any point made in the motion. These objections are to all the counts in the indictment. We have carefully compared the counts with the statute, and are of the opinion they can all be sustained; and more than this, that they are well and skillfully drawn.
488] *There is no error, then, in not deciding on the motion, in arrest, by which the defendant was and could be prejudiced, and that requires us to reverse this judgment.
In disposing of this case we have confined ourselves to the record, on which the errors were assigned, and the writ of error allowed. We think our inquiries should be legitimately confined to that record.
There has been much discussion in regard to amendments of the records of the common picas court, and especially in this case ; but. most of which is not now necessary to be noticed, as the proceedings, as they are recited in the original record, can be sustained.
We are of the opinion that our statutes of amendment do not extend to criminal cases. Indeed, they name civil cases in express words. The court may direct a record to be made by the clerk from the minutes and files where no record exists. The court may amend the record in a criminal case, where amendments in civil cases were permitted at common law, because we have no statute reaching them, and the common law rule prevails, to wit, clerical errors, but no other. The records which are said *445 •to be unchanged and amended, we have laid out of view. They have not been inspected, because we have not considered them ithe legal records in the cause.
This being a criminal case, we have taken full time for deliberation, and are of the opinion that the proceedings and judgment of the common pleas be, in all,things, affirmed with costs.