## STATE COURT OF APPEALS, Continued

No. 699

### DAUGHERTY v. STATE

Ohio Appeals, 5th Dist., Licking Co.

Decided May 25, 1925

333. CRIMINAL LAW—Motion for a new trial does not suspend operation of final judgment, and at discretion of trial judge he may pronounce sentence during pending of such a motion.

Harry Daugherty was tried in the Licking Common Pleas and found guilty of highway robbery. The following day his consel filed a motion for a new trial and the court announced it would be heard at a time agreeable to both the State and counsel for Daugherty, who was then sentenced to the Ohio Penitentiary.

Afterwards, on Feb. 25, 1925 the court overruled the motion, Daugherty's counsel offering no affidavits of newly discovered evidence. Error was prosecuted and it was contended that the court in effect denied Daugherty the right to have his motion for a new trial properly presented to the court, that sentence should not have been passed before the motion had been argued before the court. It was claimed the real judgment in a criminal case was the judgment of the court as represented by the sentence, the verdict being nothing more than a finding of fact. The court of appeals held:

1. The question that is presented is, has plaintiff in error been so prejudiced by the failure or refusal of the trial judge to pass upon his motion for a new trial, before sentence, as to require and authorize a judgment of reversal by a reviewing court?

2. The motion for a new trial is to be acted upon by the sound discretion of the trial judge, its purpose being to give the court an opportunity to correct errors which may have been made, thus saving time and expense of an appeal or error proceedings.

3. Filing of a motion for a new trial does not, as a matter of law, suspend final judgment or sentence until after the trial judge overrules it.

4. A motion for a new trial does not prevent a trial judge from passing sentence while motion is pending and before it is overruled.

5. Judgment cannot be reversed on the ground that the sentence was passed pending motion for a new trial. Upon such a record it must be presumed that the motion for a new trial was abandoned before judgment. Young v. State, 6 Ohio 435-437. Judgment affirmed.

Attorneys—Jones, Jones & Overturf, for Daugherty; H. C. Ashcraft, Pros. Atty., for State; all of Newark.

No. 700

### GIORDULLO v. HERSCHEDE HALL CLOCK CO.

Ohio Appeals, 1st Dist. Hamilton County.

No. 2586. April 6, 1925.

452. EMPLOYER AND EMPLOYE—Action cannot be maintained by employe against employer where latter has complied with Workmen's Compensation Act; in accordance with amendment of Sec. 35, Art. 11.

HAMILTON, J.

Frank Giordullo, a minor, brought suit through his mother in the Hamilton Common Pleas, claiming damages from personal injuries from the Herschede-Hall Clock Co. The petition charges the unlawful employment at a machine, of a minor 15 years of age, and other acts of negligence.

It was declared by the company that it had complied with the provisions of the Workmen's Compensation Act and that Giordullo duly filed his application, and pursuant to said application, an award was made by the Industrial Commission. The fellow servant rule was also pleaded in defense. Judgment in the Common Pleas was in favor of the company.

Error was prosecuted by Giordullo and it was contended that the application to the Commission was procured from him by the company through fraud and misrepresentation. The Court of Appeals in affirming the judgment of the court below held:

1. Verdict and judgment must stand or fall on the application to the commission, made by Giordullo and whether or not the application was procured by fraud and misrepresentation.

2. Under 1465-76 GC., application for award or acceptance of corporation waives right of action, and right to exercise his option to institute proceedings in court.

3. Evidence relating to fraud was submitted to jury under a proper charge of the court, and the evidence adduced fails to establish fraud or misrepresentation.

4. Moreover, amended Sec. 35 of Art. 11, relating to Workmens' Compensation, removed all rights of action against the employer, who had complied with the compensation act. This amendment took effect Jan. 1, 1924 and Giordullo is without authority to maintain an action thereunder. Judgment affirmed.

Attorneys—John Thorndyke and Alcorn & Alcorn for Giordullo; Clark & McCauley for Company; all of Cincinnati.