<span>Ausman v. Veal.</span>

---

## Ausman and Wife *v.* Veal.

Suit for slander.  The words alleged to have been spoken of the plaintiff were as follows:  "She [meaning said *Mary*] is out gathering up news.  She [meaning said *Mary*] has run all over the neighborhood telling tales on my [meaning defendant's] family.  She [meaning said *Mary*] can talk as much as she pleases.  Thank *God* if my [meaning defendant's] daughters did have bastards, they [meaning defendant's daughters] never had pups.  She [meaning said *Mary*] did have pups in *Ohio*, and it can be proved.  She [meaning said *Mary*] had two pups by a haystack,"—thereby meaning that she had been guilty of bestiality, or the crime against nature, &c.  Demurrer sustained.  The objections to the complaint were, 1. That the innuendo is in the disjunctive, in that it alleges an intention to charge bestiality *or* the crime against nature.  2. That the words charge an impossible crime and an impossible fact.

*Held,* 1. That both sodomy and bestiality may be embraced by the term "crime against nature;" but that sodomy is generally meant by the use of that term.

2. That the first objection is invalid; for an inference expressed in the colloquium or innuendoes in a complaint for slander, if not correct from the words averred to have been spoken, cannot affect the sufficiency of such averment.

3. That the Court cannot say that sexual connection between a dog and a woman is impossible, nor that if possible, conception might not follow; but if such connection and conception are impossible, it is not known to the people; and the people, though bound to know the law, are not bound to know philosophy or the facts and principles of science: hence, the injury to the plaintiff would not be affected by the truth or falsity of such facts or principles.

*Snyder* v. *Degant*, 4 Ind. R. 578, overruled.

APPEAL from the *Miami* Circuit Court.

<span>Wednesday, June 2.</span>

Perkins, J.—Suit for slander.  Demurrer to the complaint sustained, and judgment for the defendant.

May Term,
1858.

AUSMAN
v.
VEAL.

The complaint is by *Eli Ausman* and his wife *Mary*, and charges that in a certain discourse held at, &c., to-wit, on the 27th of *June*, 1857, concerning the chastity of the said *Mary*, and concerning her having had sexual connection with a dog, in presence, &c., the defendant said: " She [meaning the said *Mary*] is out gathering up news. She [meaning said *Mary*] has run all over the neighborhood telling tales on my [meaning defendant's] family. She [meaning said *Mary*] can talk as much as she pleases. Thank *God*, if my [meaning defendant's] daughters did have bastards, they [meaning defendant's daughters] never had pups. She [meaning the said *Mary*] did have pups in *Ohio*, and it can be proved. She [meaning the said *Mary*] had two pups by a haystack; thereby meaning that she had been guilty of bestiality, or the crime against nature, &c.

The objections to the complaint are—

1. That the innuendo assigning the meaning to the words containing the charge is in the disjunctive, viz., that it was intended to charge bestiality, *or* the crime against nature.

We take it that there is a difference in signification between the terms bestiality, and the crime against nature.

Bestiality is a connection between a human being and a brute of the opposite sex.

Sodomy is a connection between two human beings of the same sex—the male—named from the prevalence of the sin in *Sodom*.

Both may be embraced by the term, " crime against nature," as felony embraces murder, larceny, &c.; though we think that term is more generally used in reference to sodomy. Lev. ch. 18, v. 22, ch. 20, v. 13.—Deut. ch. 23, v. 17.—Rom. ch. 1, v. 27.—1 Cor. ch. 6, v. 9.—1 Tim. ch. 1, v. 10. Buggery seems to include both sodomy and bestiality.

Still, we do not think the objection valid in this case. We do not say that it would be in any case. *Starkie*, in his work on Slander (vol. 1, p. 71), says: " No doubt it would now be held that words imputing a criminal act in

May Term,
1858.

AUSMAN
v.
VEAL.

the disjunctive are also actionable." But, however this may be, it was decided by this Court, in *Rodebaugh* v. *Hollingsworth* (1), that an inference expressed in the colloquium or innuendoes in a complaint for slander, if not a correct inference from the words averred to have been spoken, cannot affect the sufficiency of such averments. This principle applies in the case before us.

2. It is said that the words charge an impossible crime, and an impossible fact, and thus carry upon their face their own refutation.

It is true that where the words used impute an act which is not a crime, the calling it a crime by the person making the accusation, will not amount to a slanderous charge; as, if a person should say of another, speaking under the common law, " he is guilty of larceny, for he picked apples off of my trees," here, the charge shows on its face that a trespass, not a larceny, was committed, and the misnaming it by the slanderer, will not raise it to a criminal accusation. But " if a person who had no horse were to publish these words: *J. S.* hath stolen *my* horse—the discredit would be as great to *J. S.* as if the publisher had had a horse; for every person who heareth the words may not know whether he had a horse or no;" and the charge would be actionable. *Starkie, supra*, 77. This shows that *Snyder* v. *Degant*, 4 Ind. R. 578, decided by this Court, is not law.

Whether the words in the case at bar imply an impossible fact, or impute an impossible crime, we are not able to say. Whether it is physically impossible for sexual connection to take place between a dog and a woman; and whether, could such connection take place, it is a physical impossibility that conception should follow, we are not advised. If such be the case, we do not think it is generally known to the people. They are presumed, bound, indeed, to know the law, but not philosophic, or scientific facts and principles. Hence, we think, the injury to the plaintiff may not be affected by the truth or falsity of such facts and principles, and that this action may well lie.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded for further proceedings.

May Term,
1858.

ROSENTHAL
v.
THE MADISON, &c.,
PLANKROAD
COMPANY.

*J. M. Wilson*, *H. J. Shirk* and *D. D. Pratt*, for the appellants (2).

*R. P. Effinger* and *N. O. Ross*, for the appellee.

(1) 6 Ind. R. 339.

(2) Counsel for the appellants made the following points:

1. When a slanderous charge is made which the unlearned would understand as imputing a crime, the action of slander lies, although in the nature of things, such a crime could not have been committed, unless it be shown that the charge was made only in the hearing of those who knew that the crime could not be committed. *Kennedy* v. *Gifford*, 19 Wend. 296.—*Goodrich* v. *Woolcott*, 3 Cow. 231.—*Peake* v. *Oldham*, 1 Cowp. 272, 273.—*Woolnith* v. *Meadows*, 5 East, 463.—*Gorham* v. *Ives*, 2 Wend. 534.

2. When the words used are of a doubtful construction, and are such that unlearned persons might infer an imputation of a crime against nature committed by the plaintiff, they are actionable; and it should be left for the jury to determine in what sense the words were understood by the hearers. The inquiry is not whether the words *could* have been understood in any other terms, but whether that is the construction which common persons would naturally put upon them. *Roberts* v. *Camden*, 9 East, 96, *per* Ld. ELLENBOROUGH, C. J.—3 Cow. 239.—5 *id*. 714.

3. Where words from their general import appear to have been spoken with a view to defame a party, the Court ought not to be industrious in putting a construction upon them different from what they bear in the common acceptation and meaning of them. 1 Cowp. 272, 273.

4. Where words may be understood in two different senses, one as imputing a crime, and the other not, it is proper to submit the question how they were understood to the jury. *Demarest* v. *Haring*, 6 Cow. 76.