ESTES v. CARTER.

1. SODOMY. Sodomy is not a crime under the 'laws of this State, and words charging the commission of that vice are not actionable *per se.*
2. CRIMINAL LAW: COMMON LAW. While the principles of the common law, applying to criminal procedure and the definition of crimes, are recognized by the courts of this State, no common law offense, not recognized by the criminal statutes of the State, will be treated or punished as a crime by the courts.

*Appeal from Keokuk District Court.*

WEDNESDAY, APRIL 18.

THE facts are sufficiently stated in the opinion.

*J. M. Casey* and *C. H. Mackey* for the appellant, cited *The United States* v. *Hudson & Goodwin,* 7 Cranch. 32; *Brooker* v. *Coffin,* 5 John. 188; *Burton* v. *Burton,* 3 G. Greene 316; *Abrams* v. *Foshee et ux.,* 3 Iowa 274.

*Hendershott & Burton* for the appellee, cited Whart. Cr. L. 81, authorities there cited; 1 Russ. on Cr. 49; *The State* v. *Jessee,* 1 Gill. & John. 290; *Turnpike Road* v. *The People,* 15 Wend. 267; *Commonwealth* v. *Sickle,* 1 Brightly 69; *Commonwealth* v. *Holmes,* 17 Mass. 335; *Commonwealth* v. *Morse,* 2 Ib. 139; *The People* v. *White,* 22 Wend. 167; *O'Ferrall* v. *Simplot,* 4 Iowa 381; *Arnold* v. *Cost,* 3 Gill. & John. 219; *Linvill* v. *Earlywine,* 4 Blackf. 469; *Stout* v. *Wood.* 1 Ib. 71.

LOWE, C. J.—This was an action of slander, for charging the plaintiff with having committed the crime of *sodomy.* No special damages being laid in the petition for uttering and publishing the slanderous words, a demurrer was filed to the effect, that the words complained of imputed no crime which was indictable under the criminal laws of this state, and were therefore not actionable *per se.* The demurrer was overruled and the question brought up to this court for revision.

Sodomy. is no crime under the laws of this State. If it. is [not] an indictable offense at common law, in this State, . the demurer was properly overruled; otherwise it should have been sustained.   This presents the question, not before raised in this court, that we are aware of, whether the courts of this State may take cognizance of and punish offenses at common law, which are not included and specified by name in our Criminal Code.   The statute does not expressly adopt or repeal the common law in this State; yet its principles are recognized in the Code, as well as by our courts, and are made the rules of decision both in civil and criminal cases. Indeed it would be a most difficult matter to administer criminal justice under our Code of procedure without the aid of the common law, in the light of which statutory crimes are to be interpreted, and their definitions, if defective, to be expounded and explained.   Whilst, therefore, the principles of the common law do enter into all our criminal adjudications when the jurisdiction of our courts over criminal offenses has been established by law, still they do not confer upon the courts in this State the power to try and punish an offense that is such at common law, but which has not been ordained as such by the supreme law making power of the State.   Art. 5 section 6 of the Constitution declares, that the District Courts of this State shall have jurisdiction in civil and criminal matters arising in their respective districts in such manner as shall be prescribed by law.   The mode thus prescribed is contained in our code of criminal procedure, and is limited we think to the prosecution and punishment of the offenses therein enumerated.   This is inferable from the powers and duties of the grand jury and the court, therein expressed.   Besides, the statutory offenses so nearly cover all the common law offenses, that it is reasonable to infer that those which are omitted were intended to be excluded.   In many of the states the common law is in full force as to its provisions for the punishment of crime.   In

several others it has been expressly repealed so. far as the trial and punishment of offenses are concerned. In Ohio the common law has not been either expressly adopted or repealed, and whilst its principles have been recognized as rules of decision in both civil and criminal adjudications, yet her courts have held that offenses could not be prosecuted and punished under its provisions alone.

In this State the mode of punishing the crime of sodomy is not prescribed by law, and in the absence of such statutory authority the court can exercise no such power. The demurrer in this case should have been sustained, and the cause dismissed. 1 Bish. Crim. Law 15, 16, 45, 46; 1 Ohio R. 132; 11 Ohio 404; 6 Ohio 435, 438; 4 Iowa 274.

Judgment reversed.