CHARLES HONSELMAN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed November 1, 1897.*

1. CRIMINAL LAW—*when an indictment sufficiently charges "the crime against nature."* An indictment alleging that the defendant committed "the infamous crime against nature upon and with" a certain person, "a man then and there being," sufficiently apprises the defendant and the jury of the nature of the offense charged.

2. SAME—*the term "crime against nature" includes all forms of bestial and unnatural copulation.* By the provisions of section 279 of the Criminal Code the term "crime against nature" is not limited to the act of sodomy, but includes within its meaning all forms of bestial or unnatural copulation.

3. SAME—*uncorroborated evidence of an accomplice may be sufficient to convict.* The uncorroborated evidence of an accomplice may be legally sufficient to sustain a conviction for the crime against nature, although his statements are denied by the defendant.

4. SAME—*effect of delay in making complaint.* A delay of over a year by the prosecuting witness before making complaint charging the defendant with committing the crime against nature upon the person of the witness, will not of itself cast doubt upon the truth of the charge, where, at the time the crime was committed upon him, the witness was but a boy of fourteen.

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

LODGE, HICKS & LODGE, for plaintiff in error:

The crime against nature is synonymous with sodomy, and the fact that the crime of sodomy is not named in our statute shows that our legislature treated it the same. *People* v. *Williams*, 59 Cal. 397.

Bouvier's Law Dictionary (vol. 1, p. 456,) gives crime against nature as sodomy, and in volume 2, page 647, sodomy is defined to be "a carnal copulation by human beings with each other against nature, or with a beast;" "penetration in the mouth is not sodomy."

Sodomy consists in the carnal knowledge of a person or beast. It must be in their parts where sodomy is usually committed. There must be carnal knowledge, the same as in rape. 1 Russell on Crimes, 698; 1 Wharton on Crim. Law, (8th ed.) 579; Stephen's Digest, Crim. Law, art. 162; 22 Am. & Eng. Ency. of Law, 828, 829.

The evidence of the prosecuting witness, an accomplice in the act, is not alone sufficient to convict, but must be corroborated. Wharton on Crim. Law, (8th ed.) sec. 582; 22 Am. & Eng. Ency. of Law, 831.

Though prosecutions for rape and sodomy are not barred by the legal limitations, courts have always considered lapse of time a circumstance against the prosecution. *Rex* v. *Cox*, C. C. 114.

E. C. AKIN, Attorney General, and CHARLES F. MANSFIELD, State's Attorney, (S. R. REED, D. C. HAGLE, and C. A. HILL, of counsel,) for the People:

Sodomy is a crime against nature, but our statute clearly recognizes other crimes as "crimes against nature." "Every person convicted of the crime of murder, rape, kidnapping, willful and corrupt perjury, * * * sodomy, or other crime against nature, * * * shall be deemed infamous," etc. Crim. Code, sec. 7, div. 2.

An indictment charging a crime in the language of the statute, or so nearly as to be easily understood, is sufficient. *Plummer* v. *People*, 74 Ill. 361; *Morton* v. *People*, 47 id. 468; *West* v. *People*, 137 id. 289.

A conviction may be legally had on the uncorroborated testimony of an accomplice. 4 Blackstone's Com. 331; *Cross* v. *People*, 47 Ill. 158; *Gray* v. *People*, 26 id. 344.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error was found guilty by the verdict of the jury and sentenced by the court to the penitentiary under the first count of an indictment by which he was charged with committing the crime against nature. Previous to the trial a motion to quash said count was overruled, and it is claimed that the court erred in such action, because the count was uncertain and insufficient in not fully informing the defendant of the nature of the offense charged and of what facts were relied on as establishing his guilt. The count charged that defendant, at a certain time and place therein named, committed "the infamous crime against nature upon and with one Lloyd Kesler, a man then and there being." We regard this as sufficient to apprise defendant of the nature of the charge against him. The name of the man with whom the crime was committed was given, and the count satisfied the requirement of the Criminal Code by stating the offense in the terms and language of the statute. Section 47 of the code, under which it was drawn, uses the language, "the infamous crime against nature, either with man or beast," and this is the language of the count. The statute gives no definition of the crime, which the law, with due regard to the sentiments of decent humanity, has always treated as one not fit to be named. It was never the practice to describe the particular manner or the details of the commission of the act, but the offense was treated in the indictment as the abominable crime

not fit to be named among Christians. (4 Blackstone's Com. 215.) The existence of such an offense is a disgrace to human nature. The legislature has not seen fit to define it further than by the general term, and the records of the courts need not be defiled with the details of different acts which may go to constitute it. A statement of the offense in the language of the statute, or so plainly that its nature may be easily understood by the jury, is all that is required. (Crim. Code, sec. 6, div. 11; *Morton* v. *People,* 47 Ill. 468; *Plummer* v. *People,* 74 id. 361; *Loehr* v. *People,* 132 id. 504; *West* v. *People,* 137 id. 189.) Defendant knew that he was charged with carnal copulation against the order of nature, with a man, Lloyd Kesler, and could plead the judgment in bar of further prosecution for the same offense. This is all that was necessary.

But it is also contended that the evidence for the People, if true, did not prove the offense, because the defendant made use of his mouth. The evidence was that he was the principal actor in the transaction, and by his efforts the act was consummated by that means. The claim is, that the evidence must prove the crime of sod-. omy, and that the crime against nature, as defined in our statute, embraces nothing but sodomy, or buggery, as denominated in the English statute. With this we cannot agree. While the crime against nature and sodomy have often been used as synonymous terms, paragraph 279 of our Criminal Code, defining infamous crimes, plainly shows that the legislature included in the crime against nature other forms of the offense than sodomy or buggery. It is there enacted: "Every person convicted of the crime of  *  *  *  sodomy, or other crime against nature,  *  *  *  shall be deemed infamous," etc. The method employed in this case is as much against nature, in the sense of being unnatural and against the order of nature, as sodomy or any bestial or unnatural copulation that can be conceived. It is within the statute.

The next point made is, that the evidence of the prosecuting witness, Lloyd Kesler, was not sufficient to convict, but must be corroborated, because he was an accomplice in the act.  The offense should be clearly proved, but it is one committed in secrecy and ordinarily not capable of being otherwise proved than by the testimony of a participant, and the law is, that the uncorroborated testimony of an accomplice is legally sufficient to sustain a conviction.  (*Gray* v. *People*, 26 Ill. 344; *Cross* v. *People*, 47 id. 152.)  If the jury were justified in believing Lloyd Kesler's testimony, it is not a valid legal objection to their verdict that he was not corroborated.

It is also urged that the lapse of time—over a year after the act—before the complaint was made is a strong circumstance against the truth of the statement.  In some cases, where a crime is committed by violence and against the will of a person, an early complaint is naturally expected and usually made; but this is a crime committed between two persons both of whom consent, and it may even be committed by husband and wife.  In the case of such a crime the complaint would not be naturally looked for, but it would rather be expected that both would keep the crime a secret.  The mere delay in making the complaint, under the circumstances, would not cast doubt upon its truth.

There was evidence that Kesler was put out of the fair grounds by defendant, as a policeman, the summer before this charge was made, and it is claimed that the revelation was in consequence of that fact and as an act of revenge which he threatened to take.  Kesler denied that he was put out or that he made any threat, but in any view of the evidence it is hard to believe that he would disgrace himself by such a disclosure merely because he was put out of the fair grounds for want of a ticket.  The charge was made several months after the alleged expulsion from the fair grounds.  Kesler could gain nothing by the disclosure, which could bring noth-

ing but shame and disgrace upon him, and we are not disposed to believe it was made for the reason alleged. Kesler, who was a boy of sixteen at the time of the trial, —a year and a half after the offense,—testified to the commission of the crime and the defendant denied it by his testimony. There was no circumstance of any special weight that could influence a conclusion as to which one told the truth. The jury and the trial judge believed Kesler, and, with much better means of judging of the credibility of the witnesses than we have, were convinced of the defendant's guilt. We cannot say that they were wrong in their conclusion.

Objection is made to the third instruction given at the instance of the People, which gave the same construction of the crime against nature that we have above approved. The facts therein stated constituted a crime against nature, punishable under the statute.

The judgment will be affirmed. ·

*Judgment affirmed.*