STATE *vs.* JOHN LAFORREST.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed May 6, 1899.

*Sodomy—Adoption of Common Law—V. S. 898.*—Sodomy was a crime at
common law and is consequently a crime under the laws of this State by
virtue of V. S. 898 adopting the common law so far as applicable to our
situation and not repugnant to our laws.

*Form of Punishment where None Prescribed—V. S. 5170.*—No penalty for
sodomy being prescribed by statute, the punishment is fine or imprison-
ment, or both, in the discretion of the court; but imprisonment if
imposed must, by reason of V. S. 5170, be in the house of correction.

INDICTMENT FOR SODOMY. Trial by jury at the September
term, 1898, Washington county, *Start*, J., presiding. At
the close of the evidence, the respondent moved for a verdict
of acquittal for that the evidence disclosed the commission
of no crime under the laws of this State. The motion
was denied. Verdict, guilty. Exceptions by respondent.
Sentence respited.

*Frank Plumley* and *E. D. Edgerton* for the respondent.

There is no recognition of this act in our statutes. "The
penal codes show a discreet silence upon this crime, doubtless
imitating Solon, who in his legislation did not prescribe a
penalty against parricide, a crime which he supposed
impossible." Witthaus and Becker Med. Juris., vol. 2,
p. 500.

Our adoption of the common law did not embrace parlia-
mentary legislation. *LeBarron* v. *LeBarron*, 35 Vt. 365.
Adultery was not a crime at common law. *State* v. *Cooper*,
16 Vt. 551. In 1787, sodomy was not a common law
offense. *Coburn* v. *Harwood*, 1 Minor (Ala.) 93.

Cooley, Const. Law, 7 and 8; Rapalje & Lawrence, Dict.;
Wharton's Law Dict.; 6 Peters, 110, 111. Vermont was

never an English colony and so was not under the common law. *Re Lamphere*, 61 Mich. 105. The text writers who treat it as a common law crime are not supported by the cases. *Com.* v. *Thomas*, 1 Va. cases 307; *Davis* v. *State*, 3 Har. & J. (Md.) 154.

*Richard A. Hoar*, State's Attorney, for the State.

THOMPSON, J. The only question raised in this case is whether sodomy is a criminal offense in this State. There is no statute on the subject, and unless it is an offense by the common law of England, the conviction cannot be sustained. If it is an offense at common law, such provision of that law is applicable to our local situation and circumstances and not repugnant to our constitution or laws, in so far as it makes sodomy a criminal offense, and is, therefore, the law of this State. V. S. 898.

In 1 Hawkin's Pleas of the Crown (6th ed.) 99, it is said that sodomy was felony by the ancient common law. In 12 Coke 36 and 37, speaking of this offense, it is said: "It appears by the ancient authorities of law that this was felony, but they vary in the punishment." See 3 Coke's Inst. 58; and note a, 1 Russ. Crimes (8th Am. ed. with Greaves's, Davis & Metcalf's and Sherwood's notes) 697. 25 Hen. VIII., c. 6, which made this crime a capital offense, clearly recognized that it was then a criminal offense by declaring in the preamble to that statute that "there is not yet sufficient and condign punishment appointed and limited by the due course of the laws of this realm for the detestable and abominable vice of buggery committed with mankind or beast, etc." Bishop says the effect of this statute was merely to settle the question that this offense is a felony punishable in the same way as other felonies. Bish. Cr. Pr. § 966. Bishop further says it was an offense at common law, and consequently is an offense in those states adopting the common law. 1 Bish. Cr. Law (7th ed.) § 503; (4th ed.) § 948. To the same effect are *State* v. *Place*, 5 Wash. 774 (1893); and *State* v. *Frank*, 103 Mo. 122. We think it

clear that it was a crime at common law, and, therefore, is a criminal offense in this State. There being no punishment prescribed by statute, the punishment is fine or imprisonment, or both, in the discretion of the court; but imprisonment, if imposed, must be in the house of correction. V. S. 5170.

> *Judgment of guilty on verdict. Let sentence be pronounced and execution thereof done.*