## C. V. KELLY

### v.

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 24, 1901.*

1. CRIMINAL LAW—*uncorroborated testimony of accomplice will convict.* The uncorroborated testimony of an accomplice is sufficient to convict, in Illinois, when the same is competent, and sufficient to justify a verdict of guilty if believed by the jury.

2. SAME—*what a sufficient indictment for crime against nature.* An indictment which informs the defendant, in the language of the statute, that he is charged with the crime against nature with and upon a named person, averred to be "a man" and "a male person," is sufficient. (*Honselman* v. *People*, 168 Ill. 172, adhered to.)

3. SAME—*rule as to requiring a bill of particulars.* It is only when it is made to appear that the defendant cannot properly prepare his defense without a bill of particulars that the court will require the prosecuting attorney to furnish one.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JOHN E. W. WAYMAN, for plaintiff in error.

H. J. HAMLIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and F. L. BARNETT, for the People.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

At the February term, 1901, of the criminal court of Cook county plaintiff in error was convicted of the "crime against nature." His motions for a new trial and in arrest of judgment were overruled and he was sentenced to the penitentiary at Joliet. By this writ of error he brings before us for review that record of conviction.

Most of the grounds of reversal urged have been decided adversely to the contention of counsel for plaintiff in error in the late case of *Honselman* v. *People*, 168 Ill. 172.

It is first insisted that the evidence of guilt produced upon the trial is insufficient to justify the verdict of the

jury. The indictment charged the crime, substantially in the language of the forty-seventh section of the Criminal Code, to have been committed upon and with one Lyle Patterson, averred in the first count to be "a man" and in the second and third "a male person." The proof shows that Lyle Patterson was at the time a boy between six and seven years of age. He was sworn, and testified upon the trial to acts of copulation by the defendant, first by means of his own mouth upon him, the boy, and then by means of the mouth of the boy upon defendant. If the testimony of the boy is to be believed, there can be no doubt but that, under the law as laid down in the *Honselman case,* the crime was established. The defendant positively denied the charge and the acts sworn to by the boy. Other witnesses testified upon the trial, but we find nothing in their evidence which can be said to corroborate or contradict that of the prosecuting witness or the defendant as to the criminal acts.

In view of the extreme youth of the boy we have carefully scrutinized his testimony and endeavored to apply to it all the rules for testing its truthfulness, and have reached the conclusion that there is no sufficient legal reason for discrediting it. No motive to falsely accuse the defendant, either on the part of the child or others, can be discovered. His father, and other parents who believed their children had been outraged and debauched by similar practices, were anxious to discover the guilty party and have him punished, but there is nothing in the evidence from which we can perceive a motive to falsely charge this defendant.

In some jurisdictions the uncorroborated testimony of an accomplice is never sufficient to convict one of a crime. But that is not the rule in this State. Besides, consent on the part of the boy in this case cannot be presumed, he being incapable of understanding the nature of the act. He was incapable of committing a crime. We are not unmindful of the fact that the crime is of a class

easily charged and difficult to disprove, and that it should therefore be established with clearness; but whether it was established in this case must depend upon whether or not the jury believed the testimony of Lyle Patterson. The court instructed the jury, on behalf of the defendant, "that the credibility of the witnesses is a question exclusively for the jury; that the jury have a right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent intelligence or lack of intelligence, their youth, and from all the surrounding circumstances appearing on the trial, which witnesses are to be worthy of credit and to give credit accordingly." This instruction properly directed the jury as to the tests of credibility. No complaint is made of any of the instructions given on the questions of fact, and they were, to say the least, fair to the defendant. The testimony, then, on behalf of the People being competent and sufficient to justify a verdict of guilty if believed by the jury, and the finding being approved by the presiding judge, it is not for this court to interfere.

Counsel says if the crime set out in the forty-seventh section of the Criminal Code is the common law crime against nature the evidence does not make out the offense. That is conceded; but we have held that it is not the common law crime. *Honselman* v. *People, supra.*

Again, counsel says, "if the offense is a statutory one, and *generic*, as held in *Honselman* v. *People*, then the indictment is fatally defective, or the court erred in overruling defendant's motion for a bill of particulars." The indictment in the *Honselman case* is exactly like the one here, and we held it sufficient. We did not say the definition of the crime was "generic," but did hold that because of the abominable nature of the crime it was not necessary to set forth in detail the manner in which it was committed; and also that under our Criminal Code and the repeated decisions of this court it was sufficient to allege the crime in the language of the statute, or so plainly

that its nature might be easily understood by the jury. The manner of committing the offense being too indecent to be set forth in the indictment itself, we are at a loss to perceive how it could be consistently incorporated in a bill of particulars. It is only when it is made to appear that the defendant cannot properly prepare his defense without a bill of particulars, that the court will require the prosecuting attorney to furnish it. In this case the indictment informed the defendant that he was charged with the crime against nature with and upon Lyle Patterson, and that was sufficient. (*Honselman* v. *People, supra.*) In short, we think counsel for plaintiff in error, throughout his argument, disregards the principal grounds upon which the indictment in the *Honselman case* was held sufficient,—that is, the fact that such a crime cannot be described without shocking the moral sensibilities. Blackstone says, speaking of this crime: "I will not act so disagreeable a part to my readers as well as myself as to dwell any longer upon a subject the very mention of which is a disgrace to human nature. It will be more eligible to imitate the delicacy of our English law, which treats it, in its very indictments, as a crime not to be named." (Vol. 4, p. 215.)

While he does not say so, the argument of counsel for plaintiff in error inevitably leads to the conclusion the *Honselman case* does not correctly lay down the law and should be overruled. This we have no disposition to do.

We infer from statements in the argument of counsel for the People that a distinction has been attempted to be drawn between cases in which the defendant is charged with using his mouth upon another (which was the *Honselman case*) and in which he uses the mouth of the other upon himself, and to maintain that while he may be guilty in the former case he cannot be held so in the latter. We find nothing in the argument of counsel for plaintiff in error to that effect. Even if such a distinction could be drawn it would avail nothing to plaintiff in error in

this case, because, as we have seen, the evidence proves both acts. We are, however, unable to see upon what reasoning any such distinction can be based.

We find in this record no reversible error. The judgment of the criminal court will be affirmed.

*Judgment affirmed.*