MEANS, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 15—October 3, 1905.*

*Criminal law and practice: Sodomy: Evidence: Accomplice.*

1. In a criminal prosecution for the offense of sodomy, the evidence,. stated in the opinion, is *held* sufficient to warrant conviction.
2. A conviction of a criminal offense may be sustained on the uncorroborated testimony of an accomplice.
3. A child seven years old is not capable of a legal consent, and hence cannot be an accomplice in committing the offense of sodomy.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BRAZEE, Judge.  *Affirmed.*

*Henry E. Bradley,* for the plaintiff in error.

For the defendant in error the cause was submitted on the brief of the *Attorney General* and *A. C. Titus* and *Waller D. Corrigan,* assistant attorneys general.

WINSLOW, J.  The plaintiff in error was convicted of a crime against nature under sec. 4591, Stats. 1898, committed by inducing a boy seven years of age to insert his male organ in the mouth of the plaintiff in error.  Upon writ of error he claims that as the boy was incapable of penetration in the sense in which that word is used in rape, and incapable of emission, there was no crime under sec. 4591, but only an indecent assault under sec. 4591a, Stats. 1898.

We are unwilling to soil the pages of our Reports with lengthened discussion of the loathsome subject.  There is sufficient authority to sustain a conviction in such a case, and, if there were none, we would feel no hesitancy in placing an authority upon the books.  *Reg. v. Allen,* 1 Den. C. C. 364; *Kelly v. People,* 192 Ill. 119, 61 N. E. 425.

It is said that the boy was an accomplice, and that no con-

viction can be sustained upon his uncorroborated evidence. Such is not the law in this state. It is in the discretion of the trial court whether to direct an acquittal or not. *Black v. State,* 59 Wis. 471, 18 N. W. 457; *Porath v. State,* 90 Wis. 527, 63 N. W. 1061. Moreover, an accomplice is one who consents, and a boy of such tender years is not capable of legal consent, and hence is not an accomplice. *Kelly v. People, supra; Mascolo v. Montesanto,* 61 Conn. 50, 23 Atl. 714.

*By the Court.*—Judgment affirmed.