SUPREME COURT—APP. DIVISION—SECOND DEPARTMENT,

May 8, 1914.

## THE PEOPLE v. EMERSON COLBURN.

(162 App. Div. 652.)

CRIME—SODOMY—CONVICTION FOR SODOMY UNDER INDICTMENT CHARGING MURDER—CLAIM OF DEFENDANT, JOINTLY INDICTED, TO CONSTITUTIONAL PRIVILEGE AS WITNESS—RULINGS OF COURT EXAMINED—EVIDENCE.

Under an indictment for murder in the first degree, charging in the first count that the defendants, in the commission of the crime of sodomy, committed murder, and in the second count charging murder, the defendants may be found guilty of the crime of sodomy, although there was no separate count in the indictment charging said crime.

Evidence examined, and *held*, sufficient to sustain a conviction for the crime of sodomy.

Where, after the defendant and another were jointly indicted for murder, the former obtained a separate trial, and the latter when called as a witness was informed that his evidence might be used against him, but that he might assert his constitutional privilege, and he testified, nevertheless, to facts tending to exculpate himself, there was no error; and, even if there were error, it would not avail the defendant.

APPEAL by the defendant, Emerson Colburn, from a judgment of the Supreme Court, rendered against him on the 13th day of April, 1910, also from an order of the County Court of Kings county, entered in the office of the clerk of said county on the 2d day of April, 1910, disallowing a demurrer to the indictment, and also from an order of a justice of the Supreme Court, entered in the office of the clerk of the county of Kings

on the 6th day of June, 1910, denying the defendant's motion to inspect the minutes of the grand jury.

The indictment reads as follows:

"The Grand Jury of the County of Kings, by this indictment, accuse Emerson Colburn and James Hagaman of the crime of murder in the first degree, committed as follows:

"On the 2nd day of January, 1910, at the Borough of Brooklyn, of the City of New York, in the County of Kings, the said Emerson Colburn and James Hagaman, in and upon one John C. Vickers, feloniously and wilfully did make an assault and him, the said John C. Vickers, did then and there wilfully and feloniously carnally know by the anus of him the said John C. Vickers, while in the commission of the felony aforesaid, and being then and there engaged in the commission of such felony, the said Emerson Colburn and James Hagaman did then and there on the day and year aforesaid, at the Borough, City and County aforesaid, wilfully and feloniously and of their malice aforethought, mortally choke, smother and suffocate him, the said John C. Vickers, by forcibly covering his head, face, nose and mouth with their hands, and with certain pillows, sheets, coverlets and bed-clothing then and there being found, by forcibly pressing and burying the head, face, nose and mouth of him, the said John C. Vickers, in and under said pillows, sheets, coverlets and bed-clothing, and by forcibly placing and pressing the head, face, nose and mouth of the said John C. Vickers upon and against said pillows, sheets, coverlets and bed-clothing, and by holding their hands over the mouth and nose of him, the said John C. Vickers, thereby forcibly closing and obstructing the air passages leading through the nose and mouth into the lungs and vital parts of him, the said John C. Vickers, and thereby preventing him from breathing and inhaling air into his lungs, body and vital parts, by

reason whereof he, the said John C. Vickers, then and there on the said day and year aforesaid, at the Borough of Brooklyn, City and County aforesaid, became and was mortally choked, smothered and suffocated, of which said mortal choking, smothering and suffocation, he, the said John C. Vickers, on the day and year aforesaid at the Borough, City and County aforesaid did die.

" And so the Grand Jury aforesaid do say that they, the said Emerson Colburn and James Hagaman, him the said John C. Vickers, in the manner and form and by the means aforesaid, on the day and year aforesaid, at the Borough, City and County aforesaid, wilfully and feloniously and of their malice aforethought, did kill and murder against the form of the Statute in such case made and provided.

" SECOND COUNT.

" And the Grand Jury of the County of Kings by this indictment further accuse Emerson Colburn and James Hagaman of the crime of murder in the first degree, committed as follows:

" And the said Emerson Colburn and James Hagaman, late of the Borough of Brooklyn of the City of New York, in the County aforesaid, on the 2nd day of January, in the year of our Lord one thousand nine hundred and ten, at the Borough, City and County aforesaid, with force and arms in and upon one John C. Vickers, wilfully and feloniously, and of their malice aforethought, did make an assault.

" And they, the said Emerson Colburn and James Hagaman, did then and there wilfully, feloniously and of their malice aforethought, mortally choke, smother and suffocate him, the said John C. Vickers, by forcibly covering his head, face, nose and mouth with their hands, and with certain pillows, sheets, coverlets and bedclothing, then and there being found, and by

forcibly pressing and burying the head, face, nose and mouth of him, the said John C. Vickers in and under the said pillows, sheets, coverlets and bed-clothing, and by forcibly placing and pressing the head, face, nose and mouth of the said John C. Vickers upon and against said pillows, sheets, coverlets and bed-clothing, and by holding their hands over the mouth and nose of him, the said John C. Vickers, thereby forcibly closing and obstructing the air passages leading through the nose and mouth into the lungs and vital parts of him, the said John C. Vickers, and thereby preventing him from breathing and inhaling air into his lungs, body and vital parts by reason whereof he, the said John C. Vickers then and there on the said day and year aforesaid, at the Borough, City and County aforesaid, became and was mortally choked, smothered and suffocated, of which said mortal choking, smothering and suffocation, he, the said John C. Vickers on the day and year aforesaid, at the Borough, City and County aforesaid did die.

" And so the Grand Jury aforesaid do say, that they, the said Emerson Colburn and James Hagaman, him the said John C. Vickers, in the manner and form and by the means aforesaid, on the day and year aforesaid, at the Borough, City and County aforesaid, wilfully and feloniously and of their malice aforethought, did kill and murder against the form of the Statute in such case made and provided."

*Hector McGowan Curren*, for the appellant.

*Harry G. Anderson, Assistant District Attorney* [*Edward A. Freshman, Assistant District Attorney*, and *James C. Cropsey, District Attorney*, with him on the brief], for the respondent.

JENKS, P. J.:

The defendant appeals from a judgment of conviction for sodomy. It is contended that the evidence did not justify the

verdict, and that there are errors of law grave enough to upset the judgment. The evidence for the People is that the act was done in the rented room of the defendant, and that the alleged catamite died at or about the very time of the commission of the crime. There was none other who could give oral testimony of the surrounding circumstances prior and up to the said death save the witness Hagaman, who was indicted with the defendant. Thus, not only the inherent nature of the crime, the circumstances of the commission thereof, but the peculiar feature of the immediate death of the catamite, made it not strange that the evidence relied upon by the People was of that kind termed circumstantial.

But there is no question as to the conflict of evidence, and we have but to consider the sufficiency thereof. We cannot say that it did not justify the verdict.

The defendant and Hagaman were indicted for murder in the first degree. The defendant demanded and was afforded a separate trial on the indictment, which consists of two counts. The first count charges that the defendants did feloniously and willfully assault (a certain person named), continues in the language of the statute against sodomy (Penal Law, § 690), and charges in sufficient words that the defendants when in the commission of such felony committed murder. The second count but charges murder. The learned court instructed the jury that under this indictment they could find the defendant guilty of the crime of sodomy. The appellant contends that as there is no separate count for sodomy, and as that crime is not one of the degrees of homicide, this instruction was error. We think that the point is not well taken. (People v. Miller, 143 App. Div. 251; affd. on opinion below, 202 N. Y. 618.)

The questions addressed to the People's witness, Dr. Wadsworth, included in folios 342-348, read with the statement of

that witness at folio 404, did not tend to elicit the commission of another crime not charged in the indictment. The defendant was on trial for murder, and the testimony related to the acts of sodomy as relevant to the death or to the killing of the catamite. This testimony is revolting, and we do not need to discuss it in detail.

We cannot perceive error in the dealings with Hagaman when he was called as a witness by the People. He was, as we have said, indicted with the defendant, but the latter demanded and secured a separate trial. At the outset Hagaman was asked whether he was the man who had been indicted with the defendant and answered: " I claim my right to refuse to answer questions on the ground that I am also a defendant and they might tend to incriminate me." Counsel for the defendant thereupon moved that the witness be excused from further testifying, but the learned court directed the assistant district attorney to proceed, ruling that the witness had the right " to answer or not as he sees fit." Thereupon the witness was asked whether he killed (naming the alleged catamite), and answered that he did not. Counsel for the defendant objected, and the court then said: " He has a right to refuse. I will tell you that anything you say here may be used against you. You are under indictment for this felony also. You have an absolute right to refuse to answer any question which may be asked you. Having said that, what more can I say?" The learned counsel for the defendant protested that the witness was asserting his right in a general way. The court replied: " He can say, ' I refuse to answer ' to every question put to him. * * * He has a right to assert his privilege at any stage. You [evidently referring to the assistant district attorney] can go on and ask your questions. He has answered that question." During the colloquy that followed the court said: " If he proclaims his right, I shall sus-

tain it. I give him the warning now that every thing he says here may be used against him personally, anything which he says may be used against him. * * * He has a right to refuse to answer any question he sees fit. * * * He has a constitutional right to refuse to answer any question." And in response to the statement of defendant's counsel that Hagaman could refuse to answer any question put to him, the court said: " That is true. That is his constitutional privilege. The Constitution preserves to you that privilege and right not to incriminate yourself and to refuse to answer any question on the subject-matter of this inquiry." The assistant district attorney immediately asked, " Now, Mr. Hagaman, were you in the room——" The counsel for the defendant interposed, " Objected to. The witness has asserted his privilege. The Court: I will leave it to him." Thereupon, without protest or objection or assertion of privilege on his part, the witness proceeded to give testimony which, so far as he was concerned, tended to exculpate him. We find no error in this procedure. Hagaman was a witness, not a defendant on trial. The assertion of his " privilege " neither relieved him from being called as a witness nor from being questioned. His rights were fully protected by the rulings of the court. (Whart. Crim. Ev. [10th ed. Hilton] §§ 464, 465, and note citing cases; Wigm. Ev. § 2268, citing *inter alia People* v. *Abbot,* 19 Wend. 195; Abb. Tr. Brief, Crim. Causes [2d ed.], 321.) If error had been committed in the course permitted it could not avail this defendant. (Wigm. Ev. §§ 2196, 2270; *Cloyes* v. *Thayer,* 3 Hill, 564; *People* v. *Brown,* 72 N. Y. 573, citing *Cloyes* v. *Thayer, supra.*)

The judgment and orders must be affirmed.

BURR, THOMAS, CARR and RICH, JJ., concurred.

Judgment of conviction and orders affirmed.

## SODOMY.

### ELEMENTS OF CRIME.

WITH HUMAN BEING—Copulation of a man with a woman per anum is sodomy. The term "mankind," used in defining sodomy, includes woman. Lewis v. State, 36 Tex. Cr. 37.

WITH BEAST—Carnal copulation with a sow. Langford v. State, 48 Tex. Cr. 561. With a cow. Bradford v. State, 104 Ala. 68. With a ewe. Rex v. Cozins, 6 C. & P. 351. With a mare. Cross v. State, 17 Tex. App. 476. Or with a jennet. Almendaris v. State, Tex. Cr. App. 1903, is sodomy. Sexual connection between a dog and a woman is sodomy. Ausman v. Weal, 10 Ind. 355.

WITH FOWL—Carnal copulation with a domestic fowl is sodomy. Reg. v. Brown, 24 Q. B. D. 357, but not when the fowl's private parts are to small to admit those of a man. Rex. v. Mulreaty, Hil. T. 1812.

OTHERWISE THAN PER ANUM—The crime may be committed otherwise than per anum. Herring v. State, 119 Ga. 709.

Sex is immaterial to the commission of the crime. Adams v. State, 48 Tex. Cr. 90.

The infamous crime against nature with man or beast made a penal offense by Ill. Cr. Code Sec. 47, embraces sodomy and other bestial and unnatural copulation. Kelly v. People, 192 Ill. 119.

Bestiality is defined as a sexual connection between a human being and a brute of the opposite sex. Ausman v. Weal, 10 Ind. 355.

Sodomy is with mankind. 12 Coke, 37.

The act must be per anum. Prindle v. State, 31 Tex. Cr. 551.

Use of the mouth does not constitute sodomy. People v. Boyle, 116 Cal. 658.

The conflict of cases in regard to the essentiality of emission is fully discussed in State v. Vicknair, 52 La. Ann. 1921.

In states in which the statutes or codes provide that no act shall

be a crime if not contained in the statutes sodomy of course is not a crime if omitted therefrom.    Estes v. Carter, 10 Iowa, 400.

Sodomy known to the New York Penal Law as "the crime against nature."    Penal Law, section 690.

A person who carnally knows in any manner any animal or bird; or carnally knows any male or female person by the anus or by or with the mouth; or voluntarily submits to such carnal knowledge; or attempts sexual intercourse with a dead body, is guilty of sodomy and is punishable by imprisonment for not more than twenty years.    Penal Law, section 690.

Any sexual penetration, however slight, is sufficient to complete the crime.    Penal Law, section 691.

Act in the mouth is sodomy.    State v. Vicknair, 10 Iowa, 400.

PER ANUM—Sodomy may be committed otherwise than per anum. Herring v. State, 119 Ga. 709.

Offense with animal is not sodomy within the statute.    Com. v. J., 21 Pa. Co. Ct. 625.

"Mankind" used in statutes defining sodomy includes woman.    Lewis v. State, 36 Tex. Cr. 37.

The statute must clearly define the crime.    Frazier v. State, 39 Tex. 390.

### INDICTMENT.

Mere naming in an indictment of the crime of sodomy is sufficient, the offense being too well known and too disgusting to be further defined. Davis v. State, 3 Harr. & J. (Md.) 154.

The "crime against nature" in an indictment is by the use of the term of that term sufficiently described.    State v. Williams, 34 La. Ann. 87.

An indictment charging defendant with "divers nasty, lewd, and sodomitical practices" "contrary to the order of nature" was too general. Reg. v. Rowed, 3 Q. B. 180.

CARNAL COPULATION—A common law indictment for sodomy must allege carnal copulation.    1 Hawkins, P. C. c. 4.

An information charging the commission of the crime "upon the person of Carl K." sufficiently indicates that it was committed with a human being, as distinguished from an animal. People v. Moore, 103 Cal. 508.

But see People v. Carrol, 1 Cal. App. 2, whch held that an information charging that defendant committed the crime against nature on and had "carnal Knowledge" of the body of one Frank D. was fatally for failure to allege that Frank D. was a male person since the words "carnal Knowledge" refer to sexual connection.

An indictment charging copulation with a sow, sufficiently described the character of the animal. Langford v. State, 48 Tex. Cr. 561. Also with a mare, same being a beast. Cross v. State, 17 Tex. App. 476. An indictment charged that "Wallace Bradford, against the order of nature, attempted to carnally know a certain beast, to-wit, a cow," sufficiently charges the crime against nature. Bradford v. State, 104 Ala. 68. And an indictment describing the animal as "a certain animal called a bitch" is sufficiently certain, although the female of several animals are so designated. Reg. v. Allen, 1 C. & K. 495.

In an opening of the body other than sexual parts. An indictment which alleged the commission of the crime against nature by carnal copulation "in an opening of the body other than the sexual parts" was not sufficient on the grounds that the particular opening was not designated. State v. McGruder, 125 Iowa, 741.

PARTICULAR INDICTMENTS CONSIDERED—An indictment charging that J. W. against the order of nature had a veneral affair and did carnally know H. A. sufficiently defined the crime. Reg. v. Allen, 2 C. & K. 869.

An indictment charging in the words of the statute that defendant at a time and place named "did unlawfully and feloniously commit a certain unnatural and lascivious act" with a person named is sufficient. Com. v. Dill, 160 Mass. 536.

An information charging that defendant made an assault upon a male person and against the order of nature had a veneral affair and committed the infamous crime against nature of buggery is sufficient. State v. Romans, 21 Wash. 284.

An indictment charging the defendant with committing sodomy and the crime against nature with a "mare, same being a beast" is sufficient. Foster v. State, 1 Ohio Cir. Ct. 467.

WORDS OF STATUTE NOT SUFFICIENT—An indictment for sodomy must describe the offense charged, with certainty sufficient to apprise the defendant of the charge against him, and it is not enough to charge this offense in the very words of the statute. State v. Campbell, 29 Tex. 44.

AGENT OR PATHIC—In the indictment of an adult for the crime against nature it is immaterial whether he is charged as agent or pathic, so long as the crime charged be within the statutory definition of the crime. State v. Vicknair, 52 La. Ann. 1921.

SEX—An indictment charging sodomy is good, although it does not state the sex of the defendants, where the names of the defendant and the pathic are names usually applied to male persons. Foster v. State, 10 Ohio Cir. Ct. 467. An indictment for sodomy need not allege the sex of the pathic, sex is immaterial in this respect. Adams v. State, 48 Tex. Cr. 90.

## LACHES.

Delay of less than a year by a boy fifteen years of age in bringing a charge against a mature man was not unreasonable. State v. Vicknair, 52 La. Ann. 1921.

Delay of two years in bringing a charge was unreasonable, defendant being under twelve years of age. Williams v. Com. 22 S. E. 859.

## CONSENT.

Consent is impossible by a minor of tender years. A boy seven years old cannot consent. Means v. State, 125 Wis. 650, nor a boy of twelve and, although he submits without resistance, the act is still by force. Mascolo v. Montesanto, 61 Conn. 50.

## EMISSION.

State v. Vicknair, 52 La. Ann. 1921 holding that emission is necessary for the completion of the crime of sodomy, and while it may be inferred from proof of penetration and other circumstances yet it is a fact indispensable to conviction.

## EVIDENCE.

In a prosecution for sodomy with a boy J. S., evidence that a week after the alleged crime defendant in soliciting another boy to commit a like offense said he had done it with other boys is admissable if defendant meant to include J. S. Com. v. Snow, 111 Mass. 411.

EMISSION—Mother's testimony as to dry substance on boy's clothing was admissable evidence of emission. People v. Swift, 136 Cal. 520.

For evidence held not to prove guilt beyond a reasonable doubt see Hodges v. State, 94 Ga. 593.

Lapse of a year between the commission and complaint by a participant does not cast doubt upon his testimony. Honselman v. People, 168 Ill. 172.

Uncorroborated testimony of a boy was held sufficient to convict in the case of Kelly v. People, 192 Ill. 119.

Evidence of a demented youth alone is insufficient to convict of sodomy. People v. Deschessere, 69 N. Y. App. Div. 217.

For evidence sufficiently corroborating testimony of participant see Com. v. Snow, 111 Mass. 411.

Failure to give instructions covering the law of assault and battery was not error where no assault and battery was charged except as part of the assault to commit the crime of sodomy. White v. Com., 115 Ky. 473. But where the evidence might show simple assault it was held error to refuse to charge that defendant might be convicted of that crime. People v. Hickey, 109 Cal. 275. In defining assault as an element of the crime of sodomy the court need not charge the penalty for assault and battery. Darling v. State, 47 S. W. 1005.

CIRCUMSTANTIAL EVIDENCE—Penetration being proven only by circumstantial evidence, the court should, if requested, instruct on the law of circumstantial evidence. Almendaris v. State, 75 S. W. 1055.

COPULATION—Instructions that there must have been some penetration, although to no particular depth, and also that emission was necessary, defined with sufficient particularity the copulation sufficient to constitute the crime of sodomy. State v. McGruder, 125 Iowa, 74.

CORROBORATION—The jury should be instructed that the testimony of the person upon whom the crime was committed must be corroborated, if the question of his consent to the offense be in doubt. Medis v. State, 27 Tex. App. 194.

Evidence examined, and held not to sustain a conviction for sodomy. People v. Mayer, 23 N. Y. Crim. 477.

A conviction for the crime of sodomy will not be upheld where the only evidence as to the question of the identity of the criminal is the testimony of a half-witted youth who in one breath says it was the defendant and in the next withdraws his statement and says he told an untruth when he said it was defendant, and that his father told him to tell the story which he had told. People v. Deschessere, 16 N. Y. Crim. 340.

## PUNISHMENT.

PUNISHMENT—If the defendant was under sixteen, the court should instruct that the punishment should be in the reformatory. Brown v. Satate, 49 Tex. Cr. 626.

## TRIAL.

If the crime is charged in clear language, although not by name, it is not error to instruct that the crime charged is synonymous with sodomy. People v. Williams, 59 Cal. 397.

Kelly v. People, 192 Ill. 119, holding that defendant under an indictment charging him with the infamous crime against nature with and upon a certain person was not entitled to a bill of particulars, the indictment sufficiently apprising him of the offense charged to enable him to prepare a defense.

No punishment being prescribed by the statute for the crime of sodomy punishment is by imprisonment or fine or by both, but if imprisonment is imposed it must be in the house of correction under Vt. St. Sec. 5170.

Punishment of a minor if imprisonment, must be in the reformatory. Brown v. State, 49 Tex. Cr. 626.

In the entire absence of statute the crime may be punished under a statute adopting as much of the common law as is applicable to local conditions. Satate v. De Forest, 71 Vt. 311.

Consent robs an assault to commit sodomy of the element of simple assault; and consent is a question of fact for the jury. People v. Hickey, 109 Cal. 275.

SODOMY WITH ANIMAL—A statute which provides punishment for a person who assaults another with intent to commit sodomy does not apply to an offense with a domestic animal. Com. v. J——., 21 Pa. Co. Ct. 625.

ATTEMPTS.

Mere overtures to commit the crime of sodomy, does not constitute the crime of sodomy. Rex. v. Hickman, 1 Moody CC. 34. There must be an overt act.

After acquittal upon an indictment for sodomy defendant may be tried on a charge of attempt to commit that crime. Reg. v. Eaton, 8 C. & P. 417. State v. Romans, 21 Wash. 284, holding that a statute providing that an attempt to commit a crime is punishable is not rendered inapplicable to an attempt to commit sodomy, by the enactment of a statute prescribing punishment for an intent to commit sodomy, as the latter is a substantive offense entirely distinct from an attempt to commit a crime.

Attempt with a domestic fowl to commit sodomy is a crime. Reg. v. Brown, 24 Q. B. D. 357.

An information is good which charges defendant with wilfully, unlawfully, and feloniously making an assault upon Harry G. with intent in and upon the person of Harry G. the infamous crime against nature, as is also an indictment designating the offense as an attempt to commit the infamous crime against nature with and upon a male human being named therein by attempting to have carnal knowledge of his body. People v. Erwin, 4 Cal. App. 394.