VERHAALEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 10—March 6, 1928.*

*Sodomy: Conviction on uncorroborated evidence of accomplice.*

1. Where, in a prosecution for sodomy as defined in sec. 351.40, Stats., defendant complained that he was convicted on the uncorroborated evidence of the other party to the act, an eight-year-old boy, it is *held* that no corroboration as to the physical act was necessary if the facts and circumstances surrounding the affair, together with the testimony of the witnesses, may lead fair-minded persons to a belief in defendant's guilt beyond a reasonable doubt. p. 346.

2. While courts are always reluctant to sustain a conviction for sodomy on the wholly uncorroborated testimony of one interested witness, still, when the facts and circumstances fit in with the positive testimony of the physical act, it becomes clearly a question of fact for the trial court or jury. [*Means v. State*, 125 Wis. 650, followed.] p. 347.

ERROR to review a judgment of the municipal court for the Eastern district of Waukesha county: NEWTON W. EVANS, Judge. *Affirmed.*

·The defendant was complained against on the charge of sodomy with an eight-year-old boy. He had a preliminary examination and was bound over for trial. He thereupon waived a jury and his case was heard before the municipal judge without a jury. At the conclusion of the evidence defendant was found guilty as charged and sentenced to an indeterminate term of not less than one year nor more than two years in the state prison at Waupun. The case comes here on writ of error.

*D. J. Hemlock* of Waukesha, for the plaintiff in error.

For the defendant in error there was a brief by *M. A. Jacobson* of Waukesha, acting district attorney, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

CROWNHART, J. The plaintiff in error, hereafter referred to as the defendant, was convicted in the court below of the crime of sodomy, as defined in sec. 351.40, Stats. 1925.

The defendant complains that he was convicted on the uncorroborated evidence of the other party to the act, an eight-year-old boy. No corroboration as to the physical act is necessary if the facts and circumstances surrounding the affair, together with the testimony of the witnesses, may lead fair-minded persons to a belief in defendant's guilt beyond a reasonable doubt. *Means v. State,* 125 Wis. 650, 104 N. W. 815. There was no corroboration of the physical facts as told by the boy, but it appeared in evidence as part of the *res gestæ* that the boy told his mother very soon about the act; he appeared visibly affected by what had happened; · he was seen in company with the defendant at the time and place. The district attorney detailed conversations he had with defendant after his arrest, in which defendant volun-

tarily made some admissions inconsistent with innocence. Defendant's testimony on the witness stand does not appear to be as full and frank as might be expected from an innocent person. His appearance as a witness before the trial judge may have greatly affected the weight of his evidence. To this we may add that no motive is suggested why this complaint should have been made unless it was true, and that it is inconceivable that this apparently innocent boy should concoct the testimony he gave.

The defendant produced his friends and neighbors, who testified to his good character, and defendant denied his guilt. The trial judge had the benefit of such evidence, and we must presume he gave it such weight as it was entitled to receive.

While courts are always reluctant to sustain conviction on wholly uncorroborated testimony of one interested witness, still where the facts and circumstances, as here, fit in with the positive testimony of the physical act, it becomes clearly a question of fact for the trial court or jury.

The crime itself is so repulsive and detestable that one is loath to believe in defendant's guilt, yet we must recognize the offense existed in ancient times, and recent legislation broadening the common-law definition indicates that modern culture has not succeeded in abolishing the crime. Prosecuting officers and criminal courts recognize it as too prevalent to be ignored. This case is ruled by *Means v. State, supra.*

*By the Court.*—The judgment and sentence of the municipal court are affirmed.