## PATRICK BURKE *vs.* PATRICK MELVIN.

In trespass for an assault the provocation given by the plaintiff, though offered in evidence in justification of the assault, may yet, if insufficient for this purpose, be considered by the jury in mitigation of damages.

And it makes no difference that the plea is the general issue, with notice only that the facts would be proved as a justification.

The whole case, with all its circumstances, is to go before the jury, to be considered by them in fixing the damages.

TRESPASS for an assault, brought, by appeal from a justice of the peace, to the Court of Common Pleas of Fairfield County, and tried to the jury on the general issue, with notice that the act was done in self-defence, before *De Forest, J.*

On the trial the plaintiff offered evidence to prove the facts charged.

The defendant claimed, and offered evidence to prove, that early in the morning of the day when the assault complained of was committed, the plaintiff commenced to menace and assault him and to challenge him to fight with him; that he kept up this attack upon the defendant for several hours, and up to the time of the assault; that the plaintiff finally struck him, and that then, apprehending great and immediate bodily violence from the plaintiff, he struck him in self-defence. This evidence of the defendant and his witnesses was all denied by the plaintiff.

The counsel for the defendant, during their arguments to the court and jury claimed as matter of law, and that the court should charge the jury, that long, continuous and extreme provocation given by the plaintiff should be considered by the jury in mitigation of damages. They did not however request the court in writing so to charge, and did not either during the charge, or at the close of it, call the attention of the court to this point.

The court omitted to charge the jury on the subject of mitigation of damages, but charged them that if the defendant used no more violence towards the plaintiff than was necessary for his self-defence, he was justified, and the verdict should be for the defendant. But that if he assaulted the plaintiff and used more force in so doing than was necessary for self-defence he would be liable in damages; that if the jury found that the defendant used more than necessary force, but did not act wantonly or maliciously, they should give only the amount of damages actually suffered by the plaintiff; but that if they found that he used unnecessary force, and wantonly and maliciously assaulted and beat the plaintiff, then they might give exemplary damages, and that in so doing they might consider the expense of the plaintiff, over and

above his taxable costs in prosecuting the suit, and that they might give such an amount of exemplary damages as they deemed just, limited only by the jurisdiction of the court.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial for the error of the court in omitting to charge as requested with regard to mitigation of damages.

*L. D. Brewster* and *W. Burke,* in support of the motion.

*T. McDonald,* contra.

PARK, C. J.   The question in this case arises upon the omission of the court to charge the jury, as requested by the defendant, "that long, continuous and extreme provocation given by the plaintiff should be considered in mitigation of damages." The defendant claimed to have proved that early in the morning of the day when the assault complained of was committed, the plaintiff began to threaten and assault him, and challenged him to fight; that the plaintiff kept this up for several hours, and up to the time of the assault complained of, and finally struck him; and that he, apprehending great and immediate bodily violence from the plaintiff, struck him in self-defence.

It appears by the motion that the evidence was claimed by the defendant to be admissible, first, in justification of the assault, on the principle of self-defence, and secondly, in mitigation of the damages, if it should fall short of establishing a full defence.

It is claimed by the plaintiff that as the notice under the plea of the general issue is confined to a proof that the assault was committed in necessary self-defence, and the evidence was offered in justification of the assault, it can not be used for the further purpose of mitigating the damages. But the evidence was admissible for that purpose under the general issue without notice, and the fact that it was used as a justification is no reason why it should not also be considered by the jury in determining the damages. It appears by the motion that the evidence tended to prove a continuous

affray from early in the morning till it ended in the assault of the defendant several hours afterwards; that it was all one transaction. If such was the fact, and for the purposes of this case it must be so regarded, then clearly the jury were bound to consider the whole transaction in determining one or the other or both of these questions. They could not ascertain what amount of damage the plaintiff was entitled to receive by considering a part of the transaction. They must look at the whole of it. They must ascertain how far the plaintiff was in fault, if in fault at all, and how far the defendant, and give damages accordingly. The difference between a provoked and unprovoked assault is obvious. The latter would deserve punishment beyond the actual damage, while the damage in the other case would be attributable, in a great measure, to the misconduct of the plaintiff himself.

We think the court should have charged the jury as requested by the defendant, and we therefore advise a new trial.

In this opinion the other judges concurred.