HAMILTON F. DOWNING & others *vs.* CHARLES ELY & another.

Hampden.　September 24. — 25, 1878.　AMES & SOULE, JJ., absent.

On the issue whether a promissory note was obtained by duress, the judge refused to rule, as requested by the plaintiff, that " if the plaintiff believed that he had a good cause of action against the defendant, and undertook to collect his claim by attachment of property, and the defendant, to get rid of or prevent such attachment, gave the note in question, then there was no such duress as would avoid the note, although the jury should believe that at the time the plaintiff did not have any cause of action; " but ruled that " if the plaintiff had or thought he had a good claim against the defendant, or a doubtful claim, and in pursuance thereof made the attachment of the defendant's property, or threatened to attach, and the defendant gave the notes in suit either to settle a doubtful claim or to relieve his property from attachment, or to prevent an attachment, then the consideration of the note was good." *Held,* that the plaintiff had no ground of exception.

CONTRACT upon seven promissory notes.　The answer set up want of consideration, and that the notes were obtained by fraud and duress.

At the trial in the Superior Court, before *Gardner,* J., there was evidence that the plaintiffs, claiming to have a cause of action against the defendants, caused the goods in the defendants' shop to be attached, and that the defendants, in settlement of this claim, and to obtain a release of the attachment, gave the notes in suit.

It also appeared that, some weeks before the attachment, the defendants, being indebted to the plaintiffs and others, made a composition, under seal, with their creditors, by which they paid fifty cents on the dollar, and obtained a release of the residue of their indebtedness.

The plaintiffs put in evidence tending to show that the defendants, at the time the composition deed was given, failed to disclose all their property to their creditors, and kept back a portion of it; and contended that they had a good cause of action against the defendants, at the time of the attachment, for the balance of their debt.

The defendants' evidence tended to show that they made a full disclosure to their creditors, and kept back no part of their property; that the notes in suit were given to prevent the attachment; that the defendants would not have given them but for the threats made by the plaintiffs to shut up their shop; and that the plaintiffs fraudulently used the writ against the defendants to obtain the notes.

The plaintiffs asked the judge to instruct the jury that f the plaintiffs believed that they had a good cause of action against the defendants, and undertook to collect their claim by attachment of property, and the defendants, to get rid of or prevent such attachment, gave the notes in question, then there was no such duress as would avoid the notes, although the jury should believe that at the time the plaintiffs did not have any cause of action. The judge declined to instruct the jury as requested, but instructed them that if the plaintiffs had or thought they had a good claim for such balance against the defendants, or a doubtful claim, and in pursuance thereof made the attachment of the defendants' property, or threatened to attach, and the defendants gave the notes in suit, either to settle a doubtful claim or to relieve their property from attachment, or to prevent an attachment, then the consideration of the notes was good; but if the plaintiffs fraudulently threatened to attach the defendants' property upon a groundless suit, for the purpose of compelling the defendants to give the notes in suit, to relieve their property from attachment upon such a suit, or to prevent it, and the defendants were solely induced thereby to give the notes in suit, then the notes were not given voluntarily, were without consideration, and the plaintiffs could not recover.

The jury returned a verdict for the defendants, and found specially that the defendants gave these notes solely and exclusively for the purpose of preventing their property from being attached, or to relieve their property from attachment.

The judge reported the case for the consideration of this court. If the instructions prayed for should have been given, or if the instructions given were erroneous, the verdict was to be set aside; otherwise, judgment was to be entered on the verdict.

*G. Wells*, for the plaintiffs.

*G. M. Stearns*, for the defendants.

BY THE COURT. The instructions given, although not using the word "duress," covered the whole matter of the request, and were quite as favorable to the plaintiffs as the instruction asked for.                         *Judgment on the verdict.*