JOHN MASCOLO *vs.* GIUSEPPE MONTESANTO.

New Haven & Fairfield Cos., June T., 1891.  ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

The defendant, whose minor son had had his body attached in a civil suit for an assault on the plaintiff's son and was in the custody of the officer, gave his note for eighty dollars to the plaintiff in consideration that the suit should be withdrawn and his son released, and the suit was withdrawn upon the delivery of the note.  In a suit on the note it was held—

1. That there was a good consideration for the note in the withdrawal of the suit, independently of any question as to the liability of the son in the suit.

2. That it was not necessary that the defendant should have had an interest in the suit.  It was enough that it was withdrawn at his request.

3. That the imprisonment of the defendant's son was lawful and did not constitute duress.

The assault consisted of a foully immoral act committed on the body of the plaintiff's son, who was but twelve years of age.  Held that he could not be regarded as consenting to the act, as he was under the age of consent; and that if he submitted without resistance the act was still done by force.

The words "for value received" in a note, indicate a sufficient consideration in the absence of proof to the contrary.

[Argued June 3d—decided June 19th, 1891.]

ACTION on a promissory note ; brought to the City Court of the city of New Haven, and tried to the court before *Pickett, J.*  Facts found and judgment rendered for the

plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*J. P. Goodhart*, for the appellant.

*P. Pond*, with whom was *W. Pond*, for the appellee.

ANDREWS, C. J., A minor son of the defendant was sued in a civil action for an assault and battery and his body attached. The defendant went with his son and the officer to the office of the attorney who had issued the complaint. He there met the plaintiff, and such negotiations were had that the defendant paid twenty dollars in money and gave his note for the sum of eighty dollars to the plaintiff, and the action for assault was withdrawn. The note was in these words:

" NEW HAVEN, Conn., Apr. 5th, 1890.

" For value received, in consideration of the withdrawal of a suit against my son Achillo Montesanto without further costs, I promise to pay to the order of John Mascolo eighty dollars on demand.      GIUSEPPE MONTESANTO."

The case was tried in the City Court of the city of New Haven. The defendant admitted that he signed the note, but denied that there was any lawful consideration therefor, and he claimed that the signature was obtained from him by duress, fraud and deceit. The court made a finding of facts as follows:—On April 5th, 1890, Angelo Mascolo, a minor about twelve and one half years of age, by his father and next friend, the plaintiff in this case, brought a civil action, by A. H. Moulton attorney, against Achillo Montesanto, a minor about fifteen and one half years of age, the son of Giuseppe Montesanto, the defendant in this case, by writ and complaint duly issued and returnable before J. W. Chapin, justice of the peace, in which complaint it was alleged that the said Achillo Montesanto made an assault upon and had committed buggery upon and with said Angelo Mascolo, and that in the commission of the assault he had greatly injured him, and communicated a loathsome disease

to him, whereby he became sick and disabled, and was sub-
jected to great expense for medical service, care and atten-
dance, for which damages in the sum of $100 were demanded
in the action. The writ and complaint were duly served by
Michael R. Enscoe, a constable of the town of New Haven,
who by special direction of Moulton, the attorney, attached
the body of Achillo Montesanto, took him into custody,
and brought him to the office of the attorney. Giuseppe
Montesanto followed his son Achillo to the office and there
met the attorney and John Mascolo, the father of Angelo.
The plaintiff and defendant being Italians, unable to speak
the English language, called one Richards into the office to
act as interpreter, and through him oral communications
were made between the attorney, Montesanto and Mascolo,
concerning the arrest and the case. Through the interpre-
ter an agreement was entered into with the knowledge, con-
sent and under the advice of the attorney for the plaintiff
in the original suit, between John Mascolo, father and next
friend of Angelo Mascolo, the boy claimed to be so injured,
and Giuseppe Montesanto, father of Achillo, the boy who it
was claimed committed the injury, which agreement the court
finds to have been as follows :—That upon condition of the
withdrawal of the civil action of Angelo Mascolo, by his
father and next friend John Mascolo, against Achillo Monte-
santo, he, Giuseppe Montesanto, would pay to John Mas-
colo the sum of twenty dollars down, and also give his
promissory note for the sum of eighty dollars, payable to
the order of John Mascolo, on demand ; which payment
was then and there made, and the note given after having
been read to the maker by the interpreter ; which note is
the subject of this suit. The court further finds that pre-
vious to the making of this agreement Giuseppe Montesanto,
the defendant, requested Moulton, the original plaintiff's
attorney, through the interpreter, to inform him as to what
claims were made against the defendant's son Achillo in
the civil suit ; that the attorney fully and plainly explained
to him all that was claimed in the suit, and in reply to
Montesanto's inquiries as to his son's liability to any other

claim, Moulton informed him that he might be liable to a criminal prosecution for the offence, and at the same time informed him that he had no control as to such criminal prosecution, and that any settlement of the pending civil case would not and could not make any difference as to such criminal prosecution.

The court finds that while the agreement was pending a friend suggested to Montesanto, the defendant, that he would give a continuance bond for the defendant's son if desired, but the defendant declined to ask for continuance or to accept the proffered bond, and that he voluntarily paid the sum of twenty dollars and gave the note for eighty dollars, solely upon the condition that the civil action would be withdrawn and his son released. Upon payment of the twenty dollars and the delivery of the note by the defendant to the attorney for the plaintiff, the suit was withdrawn, and the defendant's son was released and took an early departure from the jurisdiction. No return of the writ was ever made to the justice of the peace.

Upon the foregoing facts the defendant claimed that he gave the note under a misapprehension of the facts, and therefore was not liable to pay the same; that there was no valid consideration for the note, and that therefore he was not liable to pay it; that he was constructively under duress when he executed and delivered the note, and therefore was not legally liable to pay it; and that his son, being actually under duress when the note was given for the purpose of securing his release, it nullified any obligation of the defendant, as maker of the note, to pay it.

The court overruled each of these claims, to which ruling the defendant excepted, and rendered judgment against the defendant for the amount of the note, with interest and costs. From that judgment the defendant has appealed to this court, and assigns seven reasons of appeal.

The first, fourth and fifth reasons are, in substance, that the note was without a valid consideration. We think, however, that a sufficient consideration appears. The note is expressed to be for value received. These words indi-

cate a sufficient consideration in the absence of anything to the contrary. In this note not only is there nothing to the contrary, but a good consideration expressly appears. The withdrawal of the suit against his son without further costs was a sufficient consideration for the promise contained in the note. "Any damage, or any suspension of a right, or any liability to a loss occasioned to one by the promise of another, is a sufficient consideration for such promise and will make it binding, though no actual benefit accrues to the promisor." 1 Rev. Swift's Digest, top page 195. "A promise in consideration of ceasing a suit is good, for that is a benefit to the defendant as well as a damage to the plaintiff, though the action is not discharged." Id., 196. The authority cited by Judge SWIFT on this point is *Bidwell* v. *Catton*, Hobart's Reports, 216. That case was as follows. Bidwell, an attorney, brought an action on the case against Catton, executor of Reve, and counted that whereas he had in Michaelmus term, 14 Jac., prosecuted an attachment of privilege against Reve, the testator, recognizable in Hilary term, the testator, knowing of it, in consideration that at his request the plaintiff would forbear to prosecute said suit any further against the testator, did promise to pay him fifty pounds; and then averred, etc. After verdict it was excepted in arrest of judgment;—first, that it was not alleged that the plaintiff had any just cause of action; and secondly, that the action still remains. But the court nevertheless gave judgment. For, first, suits are not presumed causeless; and the promise argues cause in that he desired to stop off the suit. Secondly, though this did not require the discharge of the action, yet it did require a loss of the writ and a delay of the suit, which was both a benefit to the one and a loss to the other. *Sage* v. *Wilcox*, 6 Conn., 81; *Stoddard* v. *Mix*, 14 Conn., 12; *Pratt* v. *Humphrey*, 22 Conn., 317. Nor is it material that the party who makes the promise in consideration of such forbearance should have a direct interest in the suit to be forborne or be directly benefited by the delay. It is enough that he requested delay.

Mascolo *v.* Montesanto.

*Smith* v. *Algar*, 1 Barn. & Adol., 603 ; 1 Chitty on Contracts, (11th ed.,) 39, 41; 1 Parsons on Cont., 5th ed., 443.

The second reason of appeal is, that the note was given under duress and so was void. All actual duress is excluded by the finding. The court recites the facts at some length. They certainly tend to show that the defendant acted deliberately, on a full understanding of his rights and liabilities, and that he declined further delay when the opportunity for an adjournment was offered to him. And the court adds that he voluntarily paid the money and gave the note solely upon the condition that the civil action should be withdrawn and his son released. The arrest of the son upon the action for the assault and battery was clearly lawful. " If a man be lawfully imprisoned, and either to procure his discharge or on any other fair account seals a bond or a deed, this is not duress of imprisonment and he is not at liberty to avoid it." 1 Black. Com., 137. " It is a general rule that imprisonment by order of law is not duress ; but to constitute duress of imprisonment either the imprisonment or the duress must be tortious and unlawful. If therefore a man, supposing that he has a cause of action against another, by lawful process cause him to be arrested and imprisoned, and the defendant voluntarily execute a deed for his deliverance, he cannot avoid such deed by duress of imprisonment, although in fact the plaintiff had no cause of action." PARSONS, C. J., in *Watkins* v. *Baird*, 6 Mass., 511 ; 1 Rev. Swift's Digest, top page 306 ; *Walbridge* v. *Arnold*, 21 Conn., 431; *Downing* v. *Ely*, 125 Mass., 369. We think there was no constructive duress. It is not claimed that any threats were made. The defendant and his son seem to have fully understood that the son was still liable to a criminal prosecution, as he immediately departed this jurisdiction.

The third reason of appeal is, that the son of the plaintiff was *in pari delicto* with the son of the defendant, and that for such reason there could have been no recovery in the original suit ; the argument being that a promise for the forbearance of a suit which could not possibly be maintained

cannot be enforced. This assumes that the plaintiff's son consented to the act done by the defendant's son. But it is not so. The plaintiff's son did not consent; he could not consent; he was within the age of consent. If he submitted without resistance still the act was done by force. There could be no *delictum* on his part.

The questions presented by the sixth and seventh reasons of appeal were not raised in the trial court.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.