COURT HARMONY, A. O. F., *vs.* COURT ABRAHAM LINCOLN, A. O. F.

First Judicial District, Hartford, May Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The defendant, a voluntary benevolent association, alleged that the bill of exchange upon which it was sued was given for a purpose foreign to and in violation of its constitution and by-laws. This averment the plaintiff denied. *Held* that the extent of the defendant's powers under its constitution and by-laws was a question of law

for the court, while the purpose for which the bill of exchange was in fact given, was a question for the determination of the jury.

It is within the power of a voluntary benevolent association to give a promissory note or bill of exchange for the purpose of compromising a suit pending against it.

[Argued May 6th—decided June 17th, 1898.]

ACTION upon a bill of exchange, brought to the District Court of Waterbury and tried to the jury before *Cowell, J.;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

The complaint was in two counts : one on a bill of exchange ; the other " the common counts." Under the latter no bill of particulars was filed. There is no question made on it, and it really has no place in the record.

The answer is in four defenses : a general denial, and three so-called special defenses. The first of these is to the effect that the said bill of exchange was given to the payee without consideration, and that the payee indorsed it to the plaintiff also without consideration. The second of these defenses is that said bill of exchange had never been delivered to the payee, except on a condition which had not been complied with, and that the condition and non-compliance was known to the plaintiff when he took the same.

The third defense is as follows : " 1. The object and purpose of the defendant association always has been and is to provide for its members in sickness and distress, and to aid said members and their families in the event of sickness and distress ; and the money belonging to the defendant is a trust fund for that object and purpose, and these facts are and always have been well known to the plaintiff. 2. Said bill of exchange was not given for the object and purpose stated in the foregoing paragraph, but was given without any authority of law, and contrary to the constitution, by-laws, rules, and regulations of said Court Abraham Lincoln, a copy of which is hereto annexed marked exhibit A." The reply denied all these defenses.

The case was tried on all the issues to the jury, and a gen-

eral verdict was returned in favor of the plaintiff, from which the defendant appealed to this court assigning various reasons of appeal.

*John O'Neill,* for the appellant (defendant).

*Frederick M. Reasley,* for the appellee (plaintiff).

ANDREWS, C. J. We think all the evidence to which objection was made was properly admitted. It was relevant under the general denial, or under the first or second of the so-called special defenses.

The charge as given was free from error and was fairly well adapted to the questions of fact made in the case. And we think the requests to charge, made by the defendant, were rightfully disregarded. They were inappropriate to any question of fact presented on the trial.

Whatever uncertainty there is in this appeal, arises from the matter stated in the third special defense, which is set out in full in the statement of the case. That defense seems to present matters of law, rather than matters of fact. Its pertinency, apparently, depends on the construction of the constitution, by-laws and rules of the defendant, as set forth in Exhibit A, made part of that defense. This exhibit is a small book of some fifty or sixty pages, containing the constitution, by-laws and rules of the defendant. The construction of such writings or documents is ordinarily matter of law. *Jordan, Marsh & Co.* v. *Patterson,* 67 Conn. 473, 479; *Auffmordt* v. *Stevens,* 46 id. 411, 413.

There is in this defense—though perhaps somewhat less prominently—a question of fact: that is, that the said bill of exchange was given without authority of law and contrary to the constitution, by-laws and rules of the defendant, as set forth in the said exhibit. It is this question of fact which the parties appear to have contested before the jury. The court instructed the jury that if the bill of exchange, to recover which the action was brought, was given by the defendant to compromise a suit, or suits, which were pending

against it, then the bill was given not without authority of law and not against the constitution, by-laws and rules of the defendant association.

We think this was correct. The defendant is a voluntary association. As such it was liable to be sued. General Statutes, § 979. And if sued, judgment could be rendered and execution issued. General Statutes, § 1169. The association could, of course, if sued, compromise the suit. Such a compromise would be a good consideration for a note or bill given by way of compromise. *Mascolo* v. *Montesanto*, 61 Conn. 50, 54. Any asset of the association which could be taken on an execution against the association, would be liable to be taken to pay such a note. The rules of the defendant —sixty-five and sixty-six in said exhibit—provide for a special fund which could be used by the defendant, consistently with the purpose for which it was organized, to pay the note in suit. The question before the jury was whether or not the plaintiff was entitled to have judgment, not whether it would be able or unable to collect the judgment wher rendered.

There is no error.

In this opinion the other judges concurred.