Minshall, J.
The question in this case concerns the pleading and proof, of a want of consideration for a note.
The case arose in this way: William Wyker, administrator of Margaret Modie, deceased, commenced a proceeding in the prohate court of the county to sell lands to pay debts, to which C. L. Dalrymple, administrator of Jacob Dalrymple, deceased, was made a party, and required to answer. He filed a cross-petition to the effect that on September 9,1889, Margaret Modie, then in life, made and delivered to him as administrator, her note, due in one year, for $175.00 and secured the same by a mortgage on the land described in the petition; that the note was due and unpaid, and added the usual prayer. The administrator of Mrs; Modie answered, admitting the execution of the note and mortgage, but averred “that the note was given for the debt of William Modie, deceased, without consideration moving to said Margaret Modie;’’-and “that said mortgage was given to secure a pre-existing debt without consideration.” To this the administrator of Dalrymple demurred; the demurrer was overruled and he excepted. The cross-petition was dismissed, and the defendant appealed to the court of common pleas. The demurrer to the answer was there renewed and overruled, and exception taken. The case was then tried on the pleadings and the evidence; a reply having evidently been filed to the answer (though this does not appear from the record), as there would have been nothing to try on the evidence *110 without a reply to the answer. The court found for the administrator of Mrs. Modie, deceased, and dimissed the cross-petition. A bill of exceptions was taken and made a part of the record, setting forth all the evidence; which is very brief, consisting only of the deposition of M. G. Modie, a son of the deceased; and the exhibit of a note for $98.31, made May 27, 1877, to Jacob Dalrymple, for value received; with an endorsement on it, that it had been paid by a note given September 7, 1889, secured by mortgage, and due in one year.
We will first consider the question raised by the demurrer. Did the answer show a want of consideration? We think not. It will be observed that it admits the execution of the note and mortgage, but avers that the note was given by Mrs. Modie for the debt of William Modie, deceased, without consideration moving to her; and that the mortgage was without consideration; but if there was a consideration for the note, there was one for the mortgage, as it was given to secure the note; so that the question is, whether the averment is. sufficient to show a want of consideration for the execution of the note. We think it is well settled on principle and authority, that in pleading a want of consideration as a defense to a note, it is necessary to aver that there was no consideration for the note; a mere averment that there was none moving to the maker, is not sufficient. For, non constat, but that there may have been a consideration in loss or detriment to the promisee; and, if so, such loss or detriment is sufficient to support a promise based upon it. 4 Ency. Plead, and Prac., 948; Anderson v. Meeker, 31 Ind., 245; Bingham v. Kimball, 33 Ind., 184; Metcalf on Cont., 164.
The importance of the rule becomes apparent, in *111 this case, on looking into the evidence that was offered on the trial. The only evidence offered was the deposition of a son of the decedent, Mrs. Modie. From his testimony it appears that the note secured by mortgage, was given in renewal of a note that had been given by his mother with himself and his brother as sureties; and that this note had been given to take up a note held by Jacob Dalrymple against his father; and that there was no other consideration for the note in suit; and that his father died leaving no assets. But, on cross examination, when asked, for what • the note to Jacob Dalyrmple had been given, he answered, for borrowed money; and when asked, what was done with the money, he said, he could not state positively, but it was always his impression that it was borrowed to pay on this land on which the mortgage.was given, as it was borrowed about the time the land was purchased. He also said that each note was due at the time of its renewal; and that each renewal was given for an extension of time. The note secured by mortgage, as well as the previous notes, express that each was given “for value received.” The burden then was on the administrator of Mrs. Modie, to show a want of consideration. As against the note in suit, did the testimony of the son, admitting all that it tends to prove, show a want of consideration for its execution? Giving it its full effect, and it simply shows that the note in suit had its origin in a note that had been given by his father for borrowed money, that, as he understood, had been used in making a payment on the land, mortgaged by his mother; and that his father died, leaving, so far as he knew, no assets. Now, since all the parties that knew anything about the purchase of the land and the *112 borrowing of the money are dead, this is certainly not sufficient to overcome the presumption of a consideration, afforded by the note itself. It does not show that there was no consideration, arising’ from any detriment or loss, that Jacob Dalrymple may have sustained in accepting the note of Mrs Modie for that of her husband. It may have been, and is not at all improbable, that this land was purchased and paid for by the husband and the title taken in the name of his wife. Such transactions are known to frequently occur. The statement of the son, that he always understood, that the money, borrowed of Dalrymple, was borrowed to pay on the land, accentuates this supposition, and makes it quite probable that such was the case. If so, it is reasonable to suppose that Dalrymple knew it; and knew that he could subject the land in the name of the wife to the payment of his claim against the deceased husband. But, by accepting the note of the wife and her children, he waived this right, which was a sufficient consideration to support the promise to pay the note. So long as such a state of case is reasonably consistent with the evidence offered on an issue of no consideration for a note, it cannot be said to have been established by a preponderance of the evidence that there was none; and the party making the issue must fail. The evidence must show not only that there was no benefit of any legal value moving to the promisor, but that there was no loss or detriment of any legal estimation, suffered by the promisee. Robinson v. Boyd, ante 57; Mathews, Admr., v. Meek, 23 Ohio St., 272; Judy v. Louderman, 48 Ohio St., 562; Mascolo v. Montesanto, 61 Conn., 50; Metcalf, Cont., 165. If evidence had been offered that William Modie had died insolvent, leaving no assets of *113 any kind, and that the land in the name of his wife had been purchased and paid for by her, we are not prepared to say that the note and mortgage could be enforced against her estate-. But so far as appears, administration was not taken out on the estate of William Modie, deceased, and no evidence was offered as to who purchased the land in her name. And it is only fair bo presume that the wife did not care to take out administration, or to have an inquiry as to the ownership of the land in her name.. By giving the note this was avoided; and this fact would constitute a sufficient consideration for the note she gave Dalrymple in taking up the note of her husband. The evidence then does not overcome the presumption of a consideration arising from the giving of the note. In other words, to say the least, the evidence leaves the case in as much uncertainty as to whether there was, as to whether there was not, a consideration sufficient in law to support the note, and, consequently, the note with the presumption in its favor, must prevail.

Judgment reversed and cause remanded to court of common pleas for further proceedings.