### ELIAS M. OSLER v. FRANK A. WALTON.

Argued June 5, 1901—Decided November 11, 1901.

Verbal provocation to an assault and battery may mitigate punitive,
but not compensatory, damages.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GAR-
RISON and COLLINS.

For the rule, *Frederick A. Rex* and *Howard Carrow.*

*Contra, George H. Peirce.*

The opinion of the court was delivered by

COLLINS, J. The plaintiff recovered a verdict for $750 for
an assault and battery upon him by the defendant. On this
rule to show cause why such verdict should not be set aside
and a new trial granted only two of the reasons filed were
presented in argument, namely, that the trial justice, notwith-
standing the defendant's request, failed to instruct the jury
that they might take into consideration, in mitigation of com-
pensatory damages, such provocation for the assault as was
proved, and that excessive damages were awarded by the jury.

The circumstances of the assault were these—there being
no substantial dispute in the testimony: The defendant, while
driving on the highway and trying to outstrip a horse owned
and being driven by one Strain, with whom the plaintiff was

riding, was checked and, as he thought, endangered by Strain's turning in in front of his horse. He supposed that it was the plaintiff, and not Strain, who was driving. A few days later, when the parties were journeying to Camden from their suburban homes, the defendant took a seat across the aisle from where the plaintiff was sitting in a car in which there were other passengers. He began a conversation having reference to the occurrence mentioned, and said that the plaintiff couldn't do anything fair. The plaintiff said, "You are a liar," and the defendant immediately stood up and struck the plaintiff, while sitting, a violent blow on the temple, thus inflicting the injury forming the subject of this suit. The force of the blow was somewhat broken by the plaintiff's stiff hat, which was crushed.

The defendant's counsel requested instruction to the jury as follows:

"If you believe, from the testimony, that the defendant was suddenly provoked and insulted by the plaintiff calling him a liar, in a loud voice, in a public place, and that the defendant had reasonable excuse for violating the public order, there can be no recovery of exemplary or punitive damages, but the circumstances of mitigation must also be applied and considered in mitigation of compensatory damages."

The following is the instruction that was given:

"Gentlemen of the jury—Give a verdict for the plaintiff for whatever sum of money you find, on the testimony, will compensate him for damages resulting from the unlawful act of the defendant—the blow—either to the property of the plaintiff or for expenses that he has incurred from the result of the blow or for injury to his person, his comfort or his feelings."

This charge was fully as favorable to the defendant as any view of the evidence warranted. The allowance of any punitive damages was precluded, but the defendant insists that the supposed provocation warranted mitigation of even compensatory damages. The only judicial utterance of that tenor to which we are referred is in *Robison* v. *Rupert, 23 Pa. St.* 523. The *ratio decidendi* of that case is that as, in cases of assault,

punitive damages are recoverable from malicious defendants, there should be a reciprocal treatment of plaintiffs who provoke assault. The cases cited in support of this fine spun theory are not at all in point, and Chief Justice Black dissented from the decision. A *dictum* of like purport in Wisconsin has been repudiated, by the Supreme Court of that state (*Wilson* v. *Young,* 31 *Wis.* 574), and the latest decision is in full accord with the view of the trial justice in the present cause. *Corcoran* v. *Harran,* 55 *Id.* 120. All the other adjudged cases on the subject, that I have examined, hold that, while such a provocation may mitigate punitive damages, it must not be allowed to reduce actual damages. Most of the decisions are collected in 4 *Cent. Dig.* 935. A well-considered case is *Scoll* v. *Fleming,* 16 *Ill. App.* 539, where it is shown that to allow abusive language of a plaintiff to mitigate actual damages would be virtually allowing it as a defence.

These cases accord with sound reason. A provocation that will not justify an assault should not excuse making compensation for the injury inflicted. It is enough that it may save or reduce a penalty *quasi criminal,* which is the foundation of punitive damages.

A careful reading of the testimony confutes the contention that the sum awarded by the jury grossly exceeds fair compensation. The plaintiff received a severe nervous shock, from the effects of which, after three months, at the time of the trial he was still suffering. He had had medical attendance at least once a week and was still under treatment. He became, and continued, subject to fits of vomiting and his eyesight was impaired, no other cause than the injury sued for being assignable for those conditions. When to these considerations are united the other legitimate elements of compensation, properly submitted to the jury, it would seem that the sum awarded was not excessive.

The rule to show cause is discharged.