THE RUSSELL ELECTRIC COMPANY *vs.* MARY S. BAS-
SETT ET ALS.

Third Judicial District, Bridgeport, April Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and RORABACK, Js.

A manufacturing company of which the defendant was the principal stockholder, having broken its contract of employment with *R*, the plaintiff's assignor, it was agreed between the defendant and *R*, among other things, that the latter should not sue the company for his salary of $2,000, as he had proposed to do, but should hold himself in readiness to resume his work for the company if called for at any time within one year; and in consideration thereof the defendant gave *R* her note for $2,000 secured by mortgage. In an action to foreclose this mortgage, brought after *R* had fulfilled all his promises, it was *held:*—
1. That there was a valid and sufficient consideration for the note and deed.
2. That the defendant was not entitled to have $700, which *R* had earned in other employment during the year, deducted from the mortgage indebtedness.
In the absence of fraud, neither courts of law nor of equity will interfere with the valuation which the parties themselves see fit to place upon the considerations that induce their contract.
This court cannot retry conclusions of fact reached by the trial court upon conflicting evidence.

Submitted on briefs April 19th—decided May 14th, 1907.

ACTION to foreclose a mortgage, brought to and heard by the Superior Court in New Haven County, *Thayer, J.;* facts found and judgment rendered for the plaintiff, from which the defendant Mary S. Bassett appealed. *No error.*

In this court the appellee filed a motion to erase the ap-

peal upon the ground of an alleged misdescription of the appellate court.* *Motion denied.*

The complaint alleges that the defendant Mary S. Bassett was on November 19th, 1904, indebted to one Charles B. Russell in the sum of $2,000, as evidenced by her promissory note of that date, payable to said Russell, or order, one year from date, with interest at 6%, payable semi-annually, and on the same day, to secure said note, mortgaged to said Russell a piece of land in the town of Derby; that subsequent to November 19th, 1905, said note and mortgage was duly assigned and quitclaimed to the plaintiff, and that said note is due and unpaid and is still owned by the plaintiff, who is the bona fide owner and holder thereof; and that the defendant Lillian M. Bassett claims to have an interest in said property.

The answer admits the execution and delivery of the note and mortgage, and alleges that they were executed and delivered to said Russell on account of his agreement to withhold the issue of a writ of attachment in a threatened suit against the Bassett Bolt Company, a corporation, which threatened suit was based upon a pretended claim of said Russell against said corporation; that said pretended claim was invalid and illegal, and that said corporation was not indebted to said Russell, as he well knew, and that said Russell fraudulently concealed from Mary S. Bassett the facts concerning said pretended claim; that there was never any consideration for said note and mortgage or the payment thereof by Mary S. Bassett, except as aforesaid. The reply denies these allegations of the answer. The court found the issues thus raised for the plaintiff, and found all the allegations in the complaint to be true, and that $2,187.11 is due from Mary S. Bassett to the

---

*The appeal was taken to the Supreme Court of Errors " next to be holden in and for New Haven County, on the third Tuesday of January, 1907," and the appellee's claim, asserted in the motion to erase, was that as matter of law and of fact no such appellate court existed; and therefore that the case was improperly upon the docket of the Supreme Court of Errors for the Third Judicial District.—*Reporter.*

plaintiff, on the mortgage debt, and rendered judgment for foreclosure.

The facts found by the trial court, and upon which it based the conclusion that the note and mortgage were given upon a valid consideration and were not obtained by fraud, are in substance these : Prior to the year 1904 the Bassett Bolt Works were owned and operated by one D. M. Bassett, the husband of the defendant Mary S. Bassett and the father of the defendant Lillian M. Bassett. D. M. Bassett died in the spring of 1904, and just prior to his death he organized the Bassett Bolt Company, a corporation ; he turned over to the corporation the assets of the Bolt Works theretofore operated by him, and transferred to his said wife and daughter 498 of the 500 shares into which the capital stock was divided; after his death, one J. Gibb Smith held the remaining 2 shares. In the summer of 1904 Mrs. Bassett persuaded Charles B. Russell, a mechanical engineer then employed in Ohio, to give up his business there and come to Derby and manage said Bolt Works corporation and its business. The board of directors of said corporation, at a regular meeting, voted to employ said Russell as general manager for one year beginning September 1st, 1904, at a salary of $2,000, he to have power to sign checks for and to transact the necessary business of the corporation. At this time Mrs. Bassett, her daughter Lillian, and J. Gibb Smith constituted the board of directors. Shortly after Russell's employment the administrator of D. M. Bassett's estate, claiming to hold the corporation's assets for the payment of the debts of said Bassett, stopped the operation of the corporation by attachment in favor of the estate. Thereafter, in October, 1904, the corporation rescinded its vote employing Russell as manager. On the 15th of the following November he gave notice to the corporation that he should claim his salary. At the suggestion of the counsel for the corporation, who was also counsel for Mrs. Bassett and her daughter, Russell, with his counsel, met Mrs. Bassett and her daughter in the office of their coun-

sel on November 19th. At this conference the situation
was fully explained by counsel for the defendants and for
Russell. It was thereupon agreed by Mrs. Bassett to give
the note in question, secured by said mortgage, said Rus-
sell agreeing not to secure his claim upon the corporation
by suit and attachment, as he had proposed, not to press
for payment of interest on the note until the end of the
year, and, if requested, to assist Mrs. Bassett to pay in-
terest on a prior mortgage on the same property (which he
did), and to hold himself ready to work for the corporation
at any time called for within the year. He was not called
upon to resume his services for the corporation, although
it resumed operation and the defendants retained control of
it. He earned during the year $700 in other employment.

*Wayne M. Musgrave* and *William T. Minor*, for the ap-
pellant (defendant Mary S. Bassett).

*David E. Fitzgerald* and *William H. Cable*, for the ap-
pellee (plaintiff).

HAMERSLEY, J. Upon the trial the defendants claimed
that notwithstanding there was a valuable consideration
for the note and mortgage given by Mrs. Bassett to Russell,
yet the plaintiff could not recover of Mrs. Bassett the full
amount of the note, but only such portion thereof as would
remain after deducting the $700 which it appeared that
Russell had earned in other employment.

The trial court did not err in overruling this claim.
Upon the facts as found by the court, the note in suit evi-
denced a direct indebtedness from Mrs. Bassett to Russell.
This indebtedness was created on November 19th, 1904,
by a direct contract between Mrs. Bassett and Russell,
based upon a valuable consideration and entered into by
the parties under advice of counsel and with full knowl-
edge of the facts. All the agreements of Russell, which
constituted the consideration on his part, have been fully
performed. There was no promise on his part to earn
money in other employment, or to credit Mrs. Bassett, upon

Russell Electric Co. *v.* Bassett.

her note to him, the amount of any money he might so earn. It is well settled that in contracts of this kind, where the consideration for a promise is in part an act done by the promisee, at request of the promisor, by which the former sustains any loss, trouble or inconvenience, and of a benefit to him who makes the promise, courts of law or of equity will not, in the absence of fraud, interfere with the valuation which the parties themselves placed upon the considerations that induced the contract. *Sage* v. *Wilcox,* 6 Conn. 81, 83 ; *Clark* v. *Sigourney,* 17 id. 511, 517 ; *Clark's Appeal,* 57 id. 565, 572, 19 Atl. 332 ; *Mascolo* v. *Montesanto,* 61 Conn. 50, 54, 23 Atl. 714.

The plaintiff having proved the execution and delivery of the note and mortgage by Mrs. Bassett to Russell and the assignment of the note and mortgage to the plaintiff, the value of the property mortgaged, the amount due upon the note, and that the same had not been paid, rested his case. The defendants then moved that the complaint be dismissed on the ground that no consideration for the note had been proved. The court properly overruled this motion.

The other question of law presented by the appeal, namely, that the court erred in deciding upon the facts appearing in the finding that there was a sufficient consideration for the note and mortgage in question to support the action, is disposed of by the cases above cited.

It is patent from the record and the irrelevant reasons for appeal assigned by counsel, that the real grievance of the defendant is that the trial court, in passing upon the credit of witnesses and the weight of conflicting evidence, reached conclusions of fact different from those the counsel for the defendant think the court ought to have reached. This court cannot retry upon the testimony facts thus settled by the trial court. *Hourigan* v. *Norwich,* 77 Conn. 358, 369, 59 Atl. 487.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.