ERNEST ROBICHAUD *vs*. ALFRED MAHEUX.

Androscoggin.    Opinion December 16, 1908.

*Assault and Battery.   Civil Action.   Intoxication.   Damages.   Instructions.*

In order to avail himself of an error in the instructions given by a presiding Justice, the excepting party must show that the error was prejudicial to him.

When in a civil action of assault and battery it appears that the assault was provoked by insulting language used by the plaintiff to the defendant, and it also appears that the insulting language used by the plaintiff was in consequence of his intoxication by liquors furnished him by the defendant, the defendant cannot shield himself by such provocation in mitigation of damages.

During the trial of a civil action of assault and battery, the presiding Justice, among other things, instructed the jury as follows: "If the defendant, by selling or giving to the plaintiff intoxicating liquors and getting him drunk put him in a condition so that he would be insulting or might be insulting, so that in his drunken condition he would be likely to make the talk he did make," and "if the defendant caused the condition which made the plaintiff talk as the defendant says he did, then the defendant cannot make complaint of the condition which he caused himself." *Held:* That these instructions were correct.

In the case at bar *Held:* That there was no prejudicial error in the charge and that the damages awarded by the jury were not excessive.

On motion and exceptions by defendant.    Overruled.

Civil action of assault and battery brought by the plaintiff to recover damages for the breaking of his jaw which he alleged was done by the defendant kicking him.   Plea, the general issue. Verdict for plaintiff for $443.50.   The defendant excepted to certain instructions given by the presiding Justice in his charge to the jury, and also filed a general motion for a new trial.

The case is stated in the opinion.

*Ralph W. Crockett*, for plaintiff.

*J. G. Chabot*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, PEABODY, SPEAR, CORNISH, JJ.

PEABODY, J.    This was a civil action of assault and battery.

The damages claimed by the plaintiff were for the breaking of his jaw which he alleges was done by the defendant kicking him. The defendant admitted the trespass, not by kicking but by striking the plaintiff with his fist, inflicting slight injuries, and he claimed in mitigation of damages that the plaintiff provoked him by using profane and insulting language both to him and his wife.

The verdict of the jury was for the plaintiff for $443.50.

The case comes before the Law Court on a general motion for a new trial and exceptions to that part of the charge of the presiding Justice which related to mitigation of damages, the language being as follows: "that if the defendant, by selling or giving to the plaintiff intoxicating liquors and getting him drunk put him in a condition so that he would be insulting or might be insulting, so that in his drunken condition he would be likely to make the talk he did make," and "if the defendant caused the condition which made the plaintiff talk as the defendant says he did, then the defendant cannot make complaint of the condition which he caused himself."

Exemplary damages should not be awarded if the acts of the defendant were not intentional, reckless, wanton or malicious. While insulting language might be a provocation sufficient to influence or occasion the conduct of persons of ordinary temperament, it would not excuse or justify an assault, but it might be shown in mitigation of damages.    *Prentiss* v. *Shaw*, 56 Maine, 427; *Palmer* v. *Maine Central Railroad Company*, 92 Maine, 399.

The facts stated in the bill of exceptions would indicate that such a provocation was not relied upon by the defendant at the trial in defense or to diminish damages, although it appears that the plaintiff drank intoxicating liquors several times immediately before the assault and that he used insulting language; but he claims that the acts which he did caused no more than trifling damages, and that he did not kick the plaintiff nor break his jaw, but that this injury was the result of the plaintiff's own act.

The plaintiff does not deny that he used toward the defendant insulting language but claims that this did not justify the aggravated assault by which his jaw was broken.

The presiding Justice in view of the conflicting evidence presented to the jury by the plaintiff and the defendant, giving different versions of the assault, instructed them as to the law applicable to the undisputed facts and the claims of both parties; assuming that the jury might find that the defendant made a wanton and reckless assault upon the plaintiff he correctly gave the general rule of exemplary damages; assuming that they might find that the insulting language used by the plaintiff was a sufficient provocation to control his conduct so that he did the acts of violence claimed, he gave the rule which, under such circumstances would exclude an award of exemplary damages; and again assuming that they might find that the violence was done by the defendant in sudden anger excited by insulting language used at the time by the plaintiff while intoxicated by liquors furnished him by the defendant, the Justice properly ruled that he could not complain of what he had himself caused, nor shield himself by the provocation in mitigation of damages.

The charge was not only correct but necessary in order to cover all the phases of the case presented by the evidence.

To avail himself of any error in the instructions of the presiding Justice, which we fail to discover, the defendant must show that the error was prejudicial to him. It seems to us that the damages awarded were not excessive for the personal injuries which the jury might be justified by the evidence in finding the plaintiff actually received, and the pain and suffering he endured in consequences of the assault, and that therefore there was no prejudicial error in the charge, nor sufficient ground for a new trial.

*Exceptions overruled.*
*Motion overruled.*