FRANK X. KEANE *vs.* WALTER MAIN ET AL.

Third Judicial District, Bridgeport, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A malicious and wanton assault committed in a public place for the apparent purpose of humiliating the plaintiff—if properly alleged in the complaint—warrants a judgment for exemplary damages, notwithstanding the plaintiff may have suffered but little actual injury from the occurrence.

Submitted on briefs April 13th—decided June 14th, 1910.

ACTION to recover damages for assaulting the plaintiff and forcibly taking from him his badge as a policeman, brought by removal from the City Court of New Haven to the Court of Common Pleas in New Haven County and tried to the court, *Simpson, J.;* facts found and judgment rendered for the plaintiff for $60, and appeal by the defendants. *No error.*

*Charles K. Bush,* for the appellants (defendants).

*David E. Fitzgerald* and *Walter J. Walsh,* for the appellee (plaintiff).

RORABACK, J. This is an action to recover damages for an assault and battery, in which the defendants plead a general denial.

The plaintiff is a police officer in the city of New Haven. Main, one of the defendants, upon the day of the assault, was first selectman of the town of Orange. At this time French, the other defendant, was a special constable of Orange.

On October 31st, 1908, a game of football was to be played upon the Yale Field between a football team representing Yale University and another college team. Yale Field, which is located in the town of Orange, was under the management and control of the Yale Football Association, when the disturbance between these parties took place. The plaintiff, on the afternoon of that day, upon the application of the Football Association, was directed by the chief of police of the city of New Haven to go to Yale Field. Upon arriving there, the plaintiff reported to one Lockhart, who had general supervision of Yale Field and its approaches. Lockhart instructed the plaintiff to keep the crowd of boys and venders back from the gate, and to keep carriages and automobiles from driving on a newly-made concourse or open space which had not been rolled down. Main, accompanied by French, drove out upon this open space or concourse in front of the gates, and hitched his horse. The plaintiff, who at the time was standing near the gate keeping the boys from interfering with people going in and out, discovered the defendants about the time they were hitching, and told them they must move; that teams were not allowed upon that open space or concourse, and that, if they would drive down to the other gate, they could go on to the field. After some little conversation between Main and the plaintiff as to the plaintiff's right to come out to Yale Field, Main gave a nod to French, who placed his left arm across the plaintiff's breast, and reached over with his right hand and quickly pulled his badge off before the plaintiff could make any re-

sistance, or prevent the badge being removed. After taking the badge French handed it to Main, who put it in his pocket, and refused to return the badge to the plaintiff, but kept it for several days, when he delivered it to the chief of police of New Haven upon the demand of the mayor and board of police commissioners of the city of New Haven. During the controversy between the plaintiff and the defendants, preceding and including the time when the badge was taken from the plaintiff's coat, all of the parties were upon private property, a part of Yale Field. The defendants, so far as appeared from the evidence, had no object in going to Yale Field on the day in question other than as above stated. Shortly after this occurrence they drove away.

The defendants complain because exemplary damages were allowed by the court. The complaint under consideration contains allegations which, if true, would permit the assessment of exemplary damages. The trial court has found that although no plea of justification was offered, yet the defendants' acts were without justification, malicious, and wanton.

Whether it was reasonable and proper for a policeman of the city of New Haven to wear his badge of office while upon Yale Field, is not a question for us at this time to decide, and one upon which we need not express an opinion. There was nothing, however, in the character of the office of first selectman of Orange that gave the defendants any legal authority to forcibly remove the plaintiff's insignia of office under the circumstances detailed in the finding. The court below made no mistake in holding that their conduct was unjustifiable.

There are facts found from which the trial court could have consistently reached the conclusion that the acts of the defendants were wanton and malicious.

Keane *v.* Main.

There had been a controversy between the defendant Main and the chief of police of the city of New Haven in regard to New Haven policemen doing duty at Yale Field, a thing which was resented by Main. When approached by the plaintiff upon the day in question Main was angry, and, after a brief conversation, he gave a nod to French, who reached over and forcibly removed the plaintiff's badge. The plaintiff suffered very little actual damage from the occurrence. His coat was slightly torn when the badge was pulled off; but the circumstances of the time and place when and where the insult was given, and those attending it, were such that the court was fairly justified in finding, as it did, that the injury was inflicted in a spirit of malice, which embraced a deliberate purpose to override the plaintiff's rights and to humiliate him in a public place. It follows that exemplary damages were properly allowed. *Hanna* v. *Sweeney*, 78 Conn. 492, 62 Atl. 785.

There is nothing in the objection that the court erred in holding that both of the defendants were liable. That they were acting jointly in making an assault upon the plaintiff is the necessary legal conclusion from the facts found.

There is no error.

In this opinion the other judges concurred.