STANLEY J. KILLIAN *vs.* ROBERT BOLSTER.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Unless some basis exists in the pleadings and evidence for exemplary damages, none should be awarded.

In an action to recover damages for assault and battery, circumstances pleaded in justification and established by the evidence may be considered in mitigation of exemplary damages; but if exemplary damages are not awarded, obviously nothing in mitigation of compensatory damages can be allowed.

The plaintiff contended that the trial court had failed to take into consideration the present depreciated value of the dollar. *Held* that this claim was without support in the record.

An invitation to this court to retry the case upon questions of fact depending upon conflicting evidence, can result in nothing but mortification and expense to the appellant.

Argued November 4th—decided November 30th, 1921.

ACTION to recover damages for an assault and battery, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, J.;* facts found and judg-

ment rendered for the plaintiff for $200, from which he appealed. *No error.*

*Edward J. McManus,* for the appellant (plaintiff).

*Charles A. Hopwood,* for the appellee (defendant).

PER CURIAM.  One of the reasons of appeal is that "the court erred in failing to allow the plaintiff exemplary damages." Concerning this, it is enough to say that the plaintiff did not allege in his complaint any wanton or malicious misconduct of the defendant, or negligence tantamount to such misconduct. Further, no facts have been found from which could be reached a reasonable conclusion that the acts of the defendant were of such a kind. *Keane* v. *Main,* 83 Conn. 200, 76 Atl. 269; *Maisenbacker* v. *Society Concordia,* 71 Conn, 369, 42 Atl. 67. There is no basis for a claim for exemplary damages.

In another assignment of error the plaintiff asserts that the court erred in mitigating damages. The defendant pleaded in justification of his conduct, and the finding of facts discloses, circumstances which might well have been considered as an excuse for the defendant, and therefore in mitigation of exemplary damages. *Burke* v. *Melvin,* 45 Conn. 243; 11 L. R. A. (N. S.) 674 note. Moreover, the record does not make it appear that the court allowed anything in mitigation of damages. If exemplary damages were not given, nothing in mitigation of damages could be allowed. *Bartram* v. *Stone,* 31 Conn. 159, 162; 5 Corpus Juris, 676; *Robihaud* v. *Maheux,* 104 Me. 524, 526, 72 Atl. 334.

In another assignment the appellant claims that the court failed "to take into consideration the present depreciated value of the dollar." There is nothing in the record to support this claim.

Each of the other nine reasons of appeal raises only the question whether the court erred in finding or failing to find certain facts. For instance, finding that the plaintiff was able to return to work on a certain day, and failing to find that he was then suffering from a permanent injury. And the plaintiff has caused all the evidence in the case to be printed in the record. · That is, he invites this court to retry the case and decide that the trial court should have reached upon conflicting evidence the conclusions of fact which the counsel for the plaintiff thinks it should have reached. This court will not do this. The powers of the lower courts in finding facts and making conclusions and inferences, and the province of this court on appeal, have been so often and clearly defined that they should be familiar to and respectfully regarded by every lawyer competent to prepare a proper application for relief by this court. *Russell Electric Co.* v. · *Bassett,* 79 Conn. 709, 713, 66 Atl. 531; *Bell* v. *Strong,* 96 Conn. 12, 112 Atl. 645. It is rare indeed that facts appear to have been found by the trial court without evidence, or that its conclusions of fact were drawn unreasonably or illegally. Hence it is rare that such an appeal as this will effect anything but expense for the appellant.

The only errors we find in this appeal appear in the assigning of such matters as errors. In the decision of the trial court we find no error.

There is no error.