LEONARDO PETRUCELLI vs. THERESA CATAPANO.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

An award of nominal damages for an assault and battery is justified, where the jury might reasonably find that the physical injuries were of a trivial nature and where the circumstances of provocation might well be regarded as sufficient to defeat a claim for exemplary damages.

Slanderous statements made to the customers of a woman engaged in the bakery business, to the effect that her products, and she herself, were dirty, are actionable *per se* and will support a substantial recovery without proof of special damages.

Argued October 27th—decided December 12th, 1927.

ACTION to recover damages for assault and battery, in which the defendant filed a cross-complaint to recover damages for slander, brought to the City Court of Meriden and tried to the jury before *Aubrey, J.;* verdict and judgment for the plaintiff to recover $1 upon the complaint, and for the defendant to recover $200 upon the cross-complaint, from which the plaintiff appealed. *No error.*

*Daniel J. Danaher,* for the appellant (plaintiff).

*Oswin H. D. Fowler,* with whom was *Lewis J. Somers,* for the appellee (defendant).

MALTBIE, J. The complaint stated a cause of action for assault; the defendant filed a cross-complaint for slander; and the jury returned separate verdicts, finding for the plaintiff to recover $1 damages upon the complaint and for the defendant to recover $200 damages upon the cross-complaint. The plaintiff moved to set aside the verdicts and the appeal is from the trial court's denial of that motion.

Plaintiff and defendant both run bakeries and are in competition. According to the defendant's testimony, she sought an interview with the plaintiff in an effort to arrive at an amicable understanding, such that neither would try to get away the customers of the other; in the course of the talk the plaintiff spit in her face, and likened her to a certain immoral woman of the town; she slapped him, and thereupon he struck her twice on the breast; she then, in anger, picked up a stick from the ground and struck him once upon the shoulder. It was winter and the defendant wore an overcoat. The plaintiff in his testimony had stated that the defendant struck him three times about the head, causing quite serious cuts and bruises, but the police officer to whom he made complaint of the assault, testified that he saw no injuries except a little scratch on or near the ear. Under the circumstances, the jury, if they accepted the defendant's testimony, were amply justified in awarding plaintiff only nominal damages for the assault; and the circumstances of provocation might well be regarded by them as sufficient to defeat any claim for exemplary damages. *Killian* v. *Bolster,* 96 Conn. 693, 694, 115 Atl. 469; *Osler* v. *Walton,* 67 N. J. L. 63, 65, 50 Atl. 590; *Donnelly* v. *Harris,* 41 Ill. 126, 129.

According to the testimony produced by the defendant, the plaintiff on at least two, and perhaps three, different occasions, to different customers of the defendant, charged that the bakery products sold by her were dirty and that she herself was a dirty woman. Such accusations made of the defendant in relation to her trade were actionable in themselves and justified an award of substantial damages without proof of special damage. *Sumner* v. *Utley,* 7 Conn. 257, 259; *Camp* v. *Martin,* 23 Conn. 86, 90; *Fitzgerald* v. *Robinson,* 112 Mass. 371; *Singer* v. *Bender,* 64 Wis. 169, 24

N. W. 903; Newell on Slander & Libel (4th Ed.)
§§ 129, 138; Gately on Libel & Slander, p. 34; Odgers
on Libel & Slander (5th Ed.) p. 32.

There is no error.

In this opinion the other judges concurred.